### SEABOALT v. VANDAVEER.

No. 2800.

Court of Civil Appeals of Texas. Eastland.

May 12, 1950.

Rehearing Overruled June 16, 1950.

Gross & Fitts, Mineral Wells, for appellant.

Creighton & Creighton, Mineral Wells, for appellee.

LONG, Justice.

This suit was instituted by Joe Seaboalt against H. C. Vandaveer for specific performance of the following letter agreement:

"J. H. Stuart, President J. R. Stuart, Vice-President & Cashier
"No. 10, 229
"The First National Bank
of Strawn
"Strawn, Texas
"February 7, 1948
"Mr. H. C. Vandaveer
"Strawn, Texas
"Dear Mr. Vandaveer:
"These are the terms of the agreements that we have made and entered into as I understand them:
"I agree to sell to you and you agree to buy from me for $16,800.00 all of the properties, real estate, machinery, building supplies, and equipment used with Strawn Concrete Pipe & Tile and all stock on hand subject to examination of titles.
"Very truly yours,
"Joe Seaboalt
"Joe Seaboalt, Owner
Strawn Concrete Pipe & Tile
"Accepted
"H. C. Vandaveer"

Seaboalt alleged that the property described in the above agreement was situated in the City of Strawn, Palo Pinto County, Texas, and consisted of the following items: "Lots 7, 8 and 9 in Block 40 of the City of Strawn, Palo Pinto County, Texas, improved with metal concrete floored building approximately 50 x 88 feet in size and the following machinery and personal property located thereon: 1 McCrackin Tile Machine, 15 block molds and 4 pallets, 15 tile molds and 4 bottoms, 1 Dobson Mixer, 1 skip, 3 wheel barrows, 1 electric welder with 100 ft. cable, 20 yards Featherlite, 15,000 blocks, 23,000 feet drain tile, and all other personal property situated therein."

Plaintiff further alleged that at the time of the execution of said contract there was an R. F. C. loan against said property held by the First National Bank, Strawn, Texas, on which there was a balance due of approximately $15,300; that it was verbally agreed between plaintiff and defendant that defendant would assume said indebtedness and pay the plaintiff in cash the difference between the amount assumed and the total purchase price; that shortly after the execution of said contract plaintiff delivered possession of all of the above described property to defendant and defendant went into possession thereof and operated the pipe and tile business thereon for a period of several months; that thereafter on or about the 8th day of May, 1948, defendant abandoned possession of said property and notified plaintiff that he would not perform his contract. Defendant Vandaveer answered and, among other defenses, alleged that the written instrument upon which plaintiff's cause of action is based never became effective as a contract; that as a condition precedent to the operation of the written instrument as a contract plaintiff was to procure or to assist in procuring for defendant an R. F. C. loan to be used in the operation of the said tile business; that said loan was never secured due to no fault of the defendant.

Upon a trial before the court with the aid of a jury, in answer to special issues submitted, the jury found that there was no agreement between the parties that the letter would not become effective as a contract unless an R. F. C. loan was procured. However, the trial court granted defendant's motion for judgment non obstante

veredicto and entered judgment that plaintiff take nothing. From this judgment plaintiff has appealed.

The trial court filed findings of fact and conclusions of law. The court found that under all the facts the plaintiff would be entitled to specific performance if the description of the property contained in the contract had been sufficient in law. The court concluded, as a matter of law, that the description of the real property contained in the letter agreement is insufficient to meet the statute of frauds; that such description is vague, indefinite and uncertain and cannot be enforced; that the letter agreement does not sufficiently describe the real property nor is there any reference therein to any instrument of writing by which such property can be identified.

■ The evidence shows that Joe Seaboalt was the owner of Lots 7, 8 and 9 in Block 40 in the City of Strawn and that he was the owner of Strawn Concrete Pipe & Tile Company and that he operated a business under that name upon said property. The evidence further shows that Seaboalt did not own any other property at which or on which he was operating a business under that name. The yard stick by which we must determine what property was meant to be described in the letter is that "used with" the Strawn Concrete Pipe & Tile. The evidence failed to disclose just what property was used with the Strawn Concrete Pipe & Tile. " 'Use' * * * is not synonymous with 'ownership.' The right to use is but an incident to ownership not necessarily implying ownership." 66 C.J. 69. The evidence does not show that there is not other property besides Lots 7, 8 and 9 in the City of Strawn "used with" Strawn Concrete Pipe & Tile Company. Appellant testified that he did not *own* any other property at which or on which he was operating under the name of Strawn Concrete Pipe & Tile Company. We have searched the record diligently and he or no other witness testified that there is not other property "used with" Strawn Concrete Pipe & Tile Company. In other words, if it should be held that the written memorandum contains a sufficient description of the real estate contracted to be sold, we are of the opinion the proof is insufficient to show that the property located in Strawn and described in appellant's petition was the only real estate "used with Strawn Concrete Pipe & Tile Company." The burden rested upon appellant to show that the property described in his petition was "used with" Strawn Concrete Pipe & Tile Company and that there was no other property so used. There was no issue submitted to the jury and none requested inquiring whether the property described in plaintiff's petition was "all the property used with Strawn Concrete Pipe & Tile." However, appellant requested the court to find this as a fact. The trial court qualified appellant's bill of exception to the action of the court in refusing such finding by stating that "it is not supported by the evidence." We believe the action of the trial court should be sustained for the reason that the evidence is not sufficient to support such a finding. Appellant failed to discharge the burden placed upon him in making the proof required.

■ Before we could disturb the judgment of the trial court we would have to hold that the evidence established, as a matter of law, that the property described in plaintiff's petition was "all of the property used with Strawn Concrete Pipe & Tile." The only evidence on this issue came from Seaboalt, a party to the suit. The fact that a witness is interested in the result of a suit is sufficient to require the credibility of his testimony to be submitted to the jury. The uncontradicted, uncorroborated testimony of a party to a suit will not support an instructed verdict. Texas Employers' Ins. Ass'n v. Roberts, 135 Tex. 123, 139 S.W.2d 80; Scott v. Gardner et al., 137 Tex. 628, 156 S.W.2d 513, 141 A.L.R. 50; Simmonds et al. v. St. Louis, B. & M. Ry. Co., 127 Tex. 23, 91 S.W.2d 332.

Furthermore, the evidence of Seaboalt is not positive, clear and satisfactory. He never at any time testified that the property described in his petition was all of the property "used with Strawn Concrete Pipe & Tile Company.

The court refused to find that this was all of the property used with Strawn Concrete Pipe & Tile and held the evidence insufficient to support such a finding. We are bound by this finding unless the evidence conclusively establishes this fact. We have carefully considered the evidence and have concluded that such fact is not conclusively established as a matter of law.

Appellant contends the court erred in holding the memorandum contract to be insufficient in the description to meet the requirements of the statute of frauds because appellee did not plead the statute of frauds. Appellee excepted to appellant's petition on the ground that the written contract is too general, vague and indefinite as to the description of the property to be specifically enforced. This exception was presented and argued to the trial court and the same was overruled. Appellee objected to the introduction of the written memorandum because it did not accurately describe the property and is insufficient to meet the statute of frauds. Appellee objected to the parol testimony offered by appellant attempting to describe the property intended to be covered by the written instrument. The trial court found upon the issue of the sufficiency of the description. We believe that this issue was tried out with the consent of the parties to the law suit and having been so tried, the result of the trial under the provisions of Rule 67, Rules Civil Procedure, was not effected by the failure of appellee to plead the statute of frauds.

The judgment of the trial court is affirmed.

### On Motion For Rehearing

We believe that our original disposition of this case was correct. Furthermore, as an additional reason for sustaining the judgment, we have concluded, upon a further consideration, that the decription in the written agreement is insufficient, as a matter of law, to meet the requirements of the statute of frauds. The only description of the real property contained therein is "all of the real estate used with Strawn Concrete Pipe and Tile." It is not shown by the agreement that Seaboalt is the owner of the property. It is true he executed the agreement as "Owner, Strawn Concrete Pipe and Tile" but it is nowhere shown that Strawn Concrete Pipe and Tile owns the property but merely states that it uses the property. The ownership is left to conjecture. Where the identity of the property is doubtful, ownership becomes an important element. The fact that Seaboalt signed the agreement and agreed to sell it does not necessarily raise an inference that he owned the property. Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150; Starkey et al. v. Texas Farm Mortgage Company, Tex.Civ.App., 45 S.W.2d 999, Writ Ref.

No city, county or state is mentioned in connection with the location of the property. No lot or block number is given, nor is there any indication as to the amount of land sold. The essential elements of the contract may never be supplied by parol. Parol evidence must not constitute the framework or skeleton of the agreement. This must be contained in the writing. Extrinsic evidence is admissible for the purpose of identifying the land from data given in the contract but it is not proper for the purpose of supplying the location or description. The description in the agreement is vague, indefinite and uncertain and does not sufficiently identify the real property, nor is there any reference therein to any instrument of writing by which such property can be identified. O'Harin v. Neal et ux., Tex.Civ.App., 56 S.W.2d 1105, Writ Ref.; Rosen v. Phelps, Tex.Civ.App., 160 S.W. 104, Writ Ref.; Penn v. Texas Yellow Pine Lumber Co., 35 Tex.Civ.App. 181, 79 S.W. 842, Writ Ref.; Sneed v. Lester, Tex.Civ.App., 76 S.W.2d 802, Writ Ref.; Osborne v. Moore, 112 Tex. 361, 247 S.W. 498; Matney v. Odom, 147 Tex. 26, 210 S.W.2d 980; Greer v. Greer, 144 Tex. 528, 191 S.W.2d 848; Pickett et ux. v. Bishop, Tex. Sup., 223 S.W.2d 222.

The motion for rehearing is overruled.