## KURTZ v. ROBINSON.

### No. 6214.

Court of Civil Appeals of Texas. Amarillo.

May 19, 1952.

Rehearing Denied Sept. 2, 1952.

McWhorter, Howard & Cobb, Lubbock, for appellant.

Vickers, Vickers & Corbin, Lubbock, for appellee.

LUMPKIN, Justice.

The appellee, Jim Robinson, Jr.—sometimes called Jim Robinson or Jim in this opinion—and John F. Robinson were brothers. On September 2, 1929, John F. Robinson died and bequeathed all of his property to his wife, Carrie L. Robinson, who later also died and left all of her property to her niece, the appellant, Gladyce Kurtz. This suit in trespass to try title was filed against the appellee, Jim Robinson, Jr., by the appellant, Gladyce Kurtz. She alleged that she was the owner of an undivided one-half interest in property situated in Lubbock and Andrews Counties, Texas, described as the East one-half of Lots 8, 9 and 10 of Block 10, Overton Addition, an addition to the City of Lubbock, and Section 9, Block A–30, Public School Lands, Andrews County, including a one-half interest in the oil, gas and other minerals thereunder. The appellee, Jim Robinson, Jr., answered with a plea of not guilty and affirmatively pleaded the three, five, ten and twenty-five year statute of limitation. Later, the appellant, in her first supplemental petition excepted to the pleas of limitation on the grounds that the parties

were co-tenants in the land in controversy and that the appellee did not plead that he had ever repudiated the co-tenancy. In addition the appellant alleged a trust relationship and an estoppel claiming that up to the time of the filing of this suit the appellee openly admitted that he was holding the property in trust, first, for Carrie L. Robinson as the surviving wife of his brother John F. Robinson, deceased, and second, for Gladyce Kurtz, individually and as sole executrix of the estate of Carrie L. Robinson, deceased.

The appellant introduced in evidence warranty deeds which showed that at one time John F. Robinson held legal title to all of Sections 9 and 10, Block A–30, Andrews County. On March 20, 1919, for a recited consideration of $500, John F. Robinson deeded the Andrews County property to his brother the appellee. Another instrument offered in evidence indicates that the appellee, Jim Robinson, Jr., had parted with title to all the Andrews County land with the exception of that in controversy in this suit. Evidence was introduced which showed that on September 27, 1920, the property situated in Lubbock was vested in the appellee and John F. Robinson, but that on June 13, 1922, the brothers conveyed this property to their mother, Emma Robinson. According to the evidence, in 1926 Mrs. Emma Robinson conveyed this property to her son, the appellee, but this deed was not filed for record until about two years later. After the recording of the deed, however, from Mrs. Emma Robinson to appellee, there was also recorded a deed from John F. Robinson to the appellee reciting a consideration of $1. The evidence shows that the brothers moved from Lubbock. Jim went to Wichita Falls where he was later tax assessor, while John moved to Fort Worth and engaged in promoting the Sunshine Hill Addition to that city. His brother Jim had an interest in this enterprise. A number of letters written by Jim were admitted in evidence. The appellant takes the position that in all of these letters written by the appellee he acknowledges that he is holding all of the property in trust. The appellant introduced a letter dated 1934 from the appellee to his sister-in-law Carrie Robinson. The letter reads as follows:

"Jim Robinson
Tax Assessor
Wichita County
Wichita Falls, Texas
Wed—3—1934

"Dear Carrie:

"I have before me your nice long letter and will attempt to answer same in full. I want to assure you that I appreciate everything you said and the way you said it.

"First I want to assure you that there is nothing against the home at Lubbock as I have paid off the judgment paid the taxes and just last week made a payment to Bean & Klett of $150.00 principal $137.00 interest and $31.70 to Read Investment Co. for insurance. In all I have been out about $865.00 for taking care of the home this year in taxes etc.

"Regarding the Sunshine Hill property the Andrews Co. land the bank have both tied up until their note is paid which can be done whenever times get normal again.

"I would rather not try to advise you and Erie what to do with the Andrews land or the Ft Worth property as things change so rapidly these days that my suggestion now would be the wrong thing to do later on * * *.

"I will pay the taxes on mother's home by Feb. 1st as they will not be due until then and for only one year at that time. I want you to have your share of the Ft Worth property the Andrews land and the home at Lubbock less ½ of the expenses I am out as per your suggestion and agreement and am very willing to give to you any kind of instrument to that effect. This letter will probably serve that purpose if not you send me something that will satisfy you that is fair to you and I will sign and return to you. I have been close run on account of having been out so much on the Lubbock home but that is OK I will live through some way. Thanks for what you said about my race for 1934 and I have

plenty of encouragement to justify me in feeling like I will be elected again. We have had a fine Xmas and except for bad case of rheumatizm for Erie all were well. She is alright now. Hoping you have a merry Xmas and will enjoy a happy and prosperous new year. I am

"Yours Lovingly,
Jim Robinson

"Tell the folks all hello and give them all my best wishes."

The appellant filed a motion for an instructed verdict which was overruled by the trial court. The case was presented to a jury upon special issues. In answer to these special issues the jury found that when John conveyed the property in Andrews County to Jim in 1919, the parties did not intend that Jim should hold this property as a co-tenant with his brother; and that when John conveyed the Lubbock property to Jim it was not the intention of the parties that Jim should hold this property as a co-tenant with his brother John. Special Issue No. 3 reads as follows:

"Do you find from a preponderance of the evidence that at the time Jim Robinson wrote the 1934 letter to Carrie Robinson that it was his intention to assure her that he was holding title in the Andrews County property and the Lubbock property for Carrie Robinson and himself as cotenants?"

The jury answered this special issue "Yes." In response to other special issues the jury found that after 1947 Jim did not acknowledge co-tenancy with Mrs. Kurtz on the Andrews County land nor on the Lubbock property. The jury found that Jim had held the Andrews and Lubbock property for 10 years in adverse possession; that he had 5 years adverse possession of this property; and that he had 3 years adverse possession of both properties. The jury found that the appellant's cause of action accrued more than 4 years prior to the institution of this suit on both properties, and that Jim had 25 years adverse possession on the Andrews County land. Because of the jury's answer to special issue 3, the appellant filed a motion for judgment in which she asked the court to disregard the answers to the immaterial special issues 1 and 2 and 4 through 14 inclusive, and to enter judgment for her. The appellee did not file a motion for judgment.

On September 8, 1951, the appellant's motion was overruled and on September 10, 1951, judgment was entered in favor of the appellee. On September 18, 1951, a motion for a new trial was timely filed but was overruled by the trial court. The appellant gave notice of appeal and has duly perfected her appeal to this court.

The appellant bases her appeal on four points of error, but because of our disposition of the case we shall discuss only one of them. Her third point of error reads as follows:

"The court erred in entering judgment for appellee where special issue No. 3, a material issue, was answered in favor of appellant and no motion was filed by appellee asking the trial court to disregard such material finding and therefore no basis was shown for entry of judgment in accordance with the requirements of Rule 301, Rules of Civil Procedure."

It is the appellant's contention that the letter of 1934 created an express trust, while the appellee argues that the appellant has pitched her entire case on the theory that a partnership trust existed between John F. Robinson and the appellee and that therefore the finding in answer to special issue No. 3 was an immaterial finding.

The appellee did not file a motion for judgment in this case. Rule 301, Texas Rules of Civil Procedure, provides as follows:

"The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. Provided, that upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may,

upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence."

In the case of Traders & General Ins. Co. v. Heath, Tex.Civ.App., 197 S.W.2d 130, 134, the court said:

"* * * Rule 301 is explicit. * * * It appears that the prescribed motion upon reasonable notice is jurisdictional to the exercise of the power by the court to disregard a jury finding. It was improper to render judgment upon special issues Nos. 14 and 15 in the face of the finding in response to special issue 13. American Employers Ins. Co. v. Singleton, Tex. Com.App., 24 S.W.2d 26. And the judgment must therefore be reversed and the cause remanded for a new trial."

In this case the jury found in answer to special issues 1 and 2 that it was not the intention of the parties that the appellee hold the Andrews County property and the Lubbock property for himself and his brother as co-tenants. But in answer to special issue 3 the jury found that when the appellee wrote the 1934 letter to Carrie Robinson he intended to assure her that he was holding the Andrews County property and the Lubbock property for Carrie Robinson and himself as co-tenants.

Our courts have held that an express trust may be declared by a writing made after legal title has vested in the trustee. Wallace v. Pruitt, 1 Tex.Civ.App. 231, 20 S.W. 728; Frint v. Tate, Tex.Civ. App., 162 S.W.2d 737; Moseley v. Fikes, Tex.Civ.App., 126 S.W.2d 589. The appellant contends that the language in the 1934 letter was sufficient to create an express trust. Pottorff v. Stafford, Tex.Civ.App., 81 S.W.2d 539; Colton v. Colton, 127 U.S. 300, 8 S.Ct. 1164, 32 L.Ed. 138. Since the record does not reveal that he repudiated this written acknowledgment to the appellant's predecessor until April 3, 1947, when he wrote appellant's attorneys that "from now on I am considering Mrs. Kurtz out * * *," enough time has not elapsed to mature a limitation title to the property. In our opinion special issue No. 3 was a material issue. The judgment does not recite that a motion for judgment was filed by the appellee. It does not recite that it was entered after a hearing on appellee's motion for judgment. There is no finding by the court that the jury's finding in answer to special issue 3 was immaterial. Therefore, since the appellee did not file a motion to disregard the finding to this special issue and notice was not given to the appellant, as required by Rule 301, we sustain the appellant's point of error. The judgment of the trial court is reversed and the cause is remanded. Jinks v. Whitaker, Tex.Civ.App., 195 S.W.2d 814; Hines v. Parks, 128 Tex. 289, 96 S.W.2d 970.