Gladyce B. KURTZ et al., Appellants,

v.

Jim ROBINSON, Jr., Appellee.

No. 6484.

Court of Civil Appeals of Texas.

Amarillo.

May 16, 1955.

Rehearing Denied June 13, 1955.

950

McWhorter, Howard, Cobb & Johnson, Lubbock, for appellants.

Vickers & Vickers, Lubbock, for appellee.

MARTIN, Justice.

This is the second appeal of this case. The facts pertaining to the title of the land in dispute are substantially the same as revealed in detail in the former opinion of this Court reported in 256 S.W.2d 1003, 1004. Only the facts essential to a clarification of the issues on this appeal will be stated herein.

Title to certain land in Andrews County was at one time in the name of John F. Robinson who thereafter deeded the same to Jim Robinson, Jr., appellee herein, and generally referred to as Jim Robinson. Lubbock property, also in issue, was originally conveyed to Jim Robinson and John F. Robinson who conveyed the same to their mother, Emma Robinson. At a later date, Emma Robinson conveyed this Lubbock property to Jim Robinson who was also delivered a deed to the same property by John F. Robinson. John F. Robinson died leaving as his sole surviving heir, Carrie L. Robinson, now deceased. Appellant, Gladyce B. Kurtz, is the sole heir of Carrie L. Robinson.

It is appellant's theory that appellee held title to an undivided one-half of the land in issue in trust for Carrie L. Robinson by reason of the following paragraph in a letter written by Jim Robinson to Carrie L. Robinson:

"'I want you to have your share of the Ft Worth property the Andrews

land and the home at Lubbock less ½ of the expenses I am out as per your suggestion and agreement and am very willing to give to you any kind of instrument to that effect. This letter will probably serve that purpose if not you send me something that will satisfy you that is fair to you and I will sign and return to you.'"

Following the death of Carrie L. Robinson, appellant, Gladyce B. Kurtz, as her sole heir and as the executrix of her estate, sued appellee for title to an undivided one-half interest in the property in Andrews County and Lubbock.

The case was submitted to the jury on one special issue as to each tract of land and such issue inquired as to whether, at the time John F. Robinson executed the respective deeds to the tracts of land in issue, "it was the intention of the parties that Jim Robinson hold said property for himself and John F. Robinson as co-tenants". The jury answered "No" as to each issue submitted. On this verdict, the trial court rendered judgment for appellee, Jim Robinson, decreeing him to be the owner of the Andrews County and Lubbock County lands and quieting title in him as to the same. Appellant perfected an appeal and in her original brief asserts four points of error as to the action of the trial court.

■ The first issue to be disposed of is that raised by appellant's first point of error. This point asserts that since the facts in this case are the same as on the former trial of the cause and the Court of Civil Appeals ruled in said former cause, Kurtz v. Robinson, 256 S.W.2d 1003, 1006, that the letter here in issue created an express trust in said lands, the trial court erred in refusing to follow such former ruling of this court as the law of the case. On the issue of whether this Court in the former opinion ruled that the letter described above created an express trust, it must be observed that the Court used the following language *"The appellant contends* that the language

in the 1934 letter was sufficient to create an express trust." (Emphasis added.) However, the former ruling of this Court following the above-quoted language is in regard to the trial court's action with reference to the finding of the jury as follows:

"Special Issue No. 3: Do you find from a preponderance of the evidence that at the time Jim Robinson wrote the 1934 letter to Carrie Robinson that it was his intention to assure her that he was holding title in the Andrews County property and the Lubbock property for Carrie Robinson and himself as co-tenants?"

The jury in the former cause answered this issue "Yes". As to the action of the trial court on the verdict of the jury, this Court ruled on the former appeal: "There is no finding by the court that the jury's finding in answer to special issue 3 was immaterial. Therefore, since the appellee did not file a motion to disregard the finding to this special issue and notice was not given to the appellant, as required by Rule 301, we sustain appellant's point of error." This ruling does not constitute a ruling by this Court that the letter in issue, or the jury finding in answer to said Special Issue No. 3, revealed the creation of an express trust in the land in favor of Carrie L. Robinson. Further, since no motion was made to disregard this issue and jury finding on the same and no such action was taken by the trial court, this Court correctly ruled that the trial court erred in rendering judgment on the jury verdict. Rule 301, Vernon's Texas Rules of Civil Procedure; Hines v. Parks, 128 Tex. 289, 96 S.W.2d 970; Friske v. Graham, Tex.Civ.App., 128 S.W.2d 139, Syl. 16; Traders & General Insurance Company v. Milliken, Tex. Civ.App., 110 S.W.2d 108, Syl. 3, 4; Jinks v. Whitaker, Tex.Civ.App., 195 S.W.2d 814, Syl. 6.

■ This case should be finally determined by a ruling on the issue of whether Jim Robinson, by the paragraph in the letter as above quoted, created an express

trust in the Andrews County land and Lubbock County property as to an undivided one-half interest in the same in favor of Carrie L. Robinson as beneficiary. The entire letter is shown in the original opinion of this Court and only the paragraph directly in issue has been quoted hereinabove. This letter did not create a trust in favor of Carrie L. Robinson as beneficiary of an undivided one-half interest in and to said lands. The letter does not reveal the meaning or extent of the term "your share" or set forth what share, if any, Carrie L. Robinson was to have in the lands in issue. The Andrews County land and the home in Lubbock are not sufficiently described to identify the same. It is not revealed that Carrie L. Robinson ever sent Jim Robinson any further instrument for his signature conveying title to any interest in the land nor does the record reveal that she ever agreed to accept any share of the property less one-half of the expense that Jim Robinson was out.

■ The law governing the ruling made in the paragraph above is as follows: "No particular form of words is required to create the trust, if it is reasonably certain as to the property, its object, and the beneficiary." Pottorff v. Stafford, Tex.Civ. App., 81 S.W.2d 539, Syl. 4, Writ refused. "Letters and correspondence may constitute sufficient memoranda to satisfy the statute of frauds; but a letter is insufficient * * * where it does not clearly show an intention to create a trust and the terms thereof, or where the statement of the terms or subject matter is not sufficient. So a letter which shows merely an unperformed promise to create a trust, unattended by any consideration, is insufficient". 89 C.J.S., Trusts, § 39, p. 767. "The requirement of certainty in the material terms of the declaration of trust extends to, and includes, the subject matter or property embraced in the trust. It has been held that the property must be identified with as much certainty as is required in a deed of conveyance, and that it must be sufficiently designated or identified to enable title thereto to pass to the

trustee." 89 C.J.S., § 45–b, p. 787. "The certainty required in a declaration of trust extends to the nature of the interest of the beneficiary, and the quantity or amount of each beneficiary's interest." 89 C.J.S., § 45–d, p. 790. Heidenheim v. Bauman, 84 Tex. 174, 19 S.W. 382; Ray v. Fowler, Tex.Civ.App., 144 S.W.2d 665, Syl. 4; Brown v. Donald, Tex.Civ.App., 216 S.W. 2d 679, Syl. 3–5; Starr v. Ripley, Tex. Civ.App., 265 S.W.2d 225, Syl. 6. Although the last-cited case is a ruling under Vernon's Annotated Civil Statutes, Article 7425b–7, in regard to express trusts, the same is worthy of consideration as to the issue of description. Also see Golob v. Stone, Tex.Civ.App., 262 S.W.2d 536.

■ Since the letter did not create a trust as to the lands in issue with Carrie L. Robinson as the beneficiary thereof, the next issue is whether such letter acknowledged that Jim Robinson held the lands under a trust status as legally created at some prior date. It will be recognized that a trust status must have been legally created and in existence to be subject to acknowledgment by a subsequent writing. Also, any such trust status asserted to have been created as of a prior date must have been created under a parol agreement inducing the conveyance of title in the lands in issue, or by reason of the payment of a part of the consideration for the lands by John F. Robinson prior to the vesting of title in appellee. A resulting trust in land cannot be created after the inception of title but must have its inception prior to the vesting of title. Faville v. Robinson, 111 Tex. 48, 227 S.W. 938, first case, and Allen v. Allen, 101 Tex. 362, 107 S.W. 528. The jury found that at the time of the execution of the deeds to the lands by John F. Robinson it was not the intention of John F. Robinson and Jim Robinson "that Jim Robinson hold said property for himself and John F. Robinson as co-tenants". Therefore, at the time title vested in appellee, no valid resulting trust was created in the land in favor of John F. Robinson as would be subject to acknowledgment by the letter

in issue. Nor does the letter allege therein that Jim Robinson was already holding the lands in trust for Carrie L. Robinson at the time he wrote the letter.

■ The appellant asserts for the first time in a supplemental brief by a fifth point of error that the special issue set forth in the paragraph above as submitted to the jury is not the ultimate issue in the cause that should have been submitted on the facts before the court. Such point of error will be discussed herein. It is appellant's contention that the ultimate issue before the Court was whether Jim Robinson held title to an undivided one-half of the lands in issue in trust for Gladyce B. Kurtz. Appellant states: "the only material inquiry therefore was whether the trust relationship existed". It must be recognized that if the intention of the parties, at the time of the vesting of title, had been that Jim Robinson was to hold an undivided one-half of the property in trust for John F. Robinson as part owner thereof it follows as a matter of fact that it was the intention of John F. Robinson and Jim Robinson that they hold the land as cotenants. The issue as submitted to the jury presented this issue in the cause and there was no material error in the submission of the same. If Jim Robinson held an undivided one-half interest in the lands in trust for John F. Robinson, it follows that they were cotenants. If John F. Robinson and Jim Robinson were cotenants of the land, it was solely by reason of the fact that Jim Robinson held an interest in the land in trust for John F. Robinson.

On the above issue before the court the jury were instructed "that 'co-tenancy' or 'tenancy in common' means where two or more parties own an undivided interest in the same tract or tracts of land. The question of whether the ultimate issue as submitted should have been one inquiring as to whether Jim Robinson held one-half of the land in trust for John F. Robinson rather than an issue as to whether Jim Robinson held the land for himself and John F. Robinson as tenants in common

is not of sufficient importance to require a reversal of the cause irrespective of which issue may be determined to be the ultimate issue in the cause. The two issues involved essentially the same proposition and finding of fact. Further, the case may be properly adjudicated by a correct ruling as to whether the letter in issue created an express trust in the land in favor of appellant since the record supports the finding that John F. Robinson by deed duly executed and delivered conveyed all his interest in the lands to Jim Robinson.

■ This case is resolved under the following propositions: The letter in issue did not create an express trust in the lands in issue with Carrie L. Robinson as the beneficiary as to an undivided one-half of such lands. The jury found that at the inception of title to the lands in Jim Robinson, it was not the intention of either the grantor John F. Robinson or the grantee in the deed, Jim Robinson, "that Jim Robinson hold said property for himself and John F. Robinson as co-tenants". Such jury finding reflects the uncontroverted fact that neither a trust relationship nor that of cotenancy was created by John F. Robinson and appellee. John F. Robinson held no title to the lands in issue following his conveyance of the same to Jim Robinson by warranty deed and therefore no title passed from John F. Robinson to Carrie L. Robinson as the sole heir to his estate. Consequently, no title to the lands vested in appellant, Gladyce B. Kurtz, as the sole heir to the estate of Carrie L. Robinson, deceased. Under the rulings herein made it also follows that since no title vested in appellant, Gladyce B. Kurtz, by reason of the letter here in issue, the trial court correctly quieted title in appellee as to said lands which appellee had held in his possession under warranty deeds for a period of more than twenty years.

■ Appellant's fourth point of error raised an issue as to the error of the trial court in permitting the introduction of a letter concerning certain property in Fort

Worth, Texas which the parties agreed was not involved in this cause of action. No sufficient error is shown in regard to the introduction of this letter as to require a reversal of this cause of action as no harm could have accrued to appellant thereby.

Appellant's points of error are overruled and the judgment of the trial court is affirmed.