**Lynn TOMLINSON, Appellant,**

v.

**Toni Annette TOMLINSON, Appellee.**

No. 13–96–412–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 18, 1997.

Rehearing Overruled Feb. 5, 1998.

Michael Stukenberg, W. Roger Durden, Scott L. Sherman, Matthews & Branscomb, Corpus Christi, for appellant.

Bradford M. Condit, Corpus Christi, for appellee.

Before FEDERICO G. HINOJOSA, Jr., CHAVEZ and RODRIGUEZ, JJ.

### OPINION

CHAVEZ, Justice.

The trial court granted the cross-motion for summary judgment of appellee, Toni Annette Tomlinson. We reverse and remand for proceedings consistent with this opinion.

### Facts

The relevant facts underlying this opinion are essentially uncontroverted. Richard Tomlinson ("Richard"), deceased, was a participant in the Walter Rossler Company Profit Sharing Plan and Trust ("Rossler Plan"). During Richard's marriage to appellee, she was the designated beneficiary of Richard's death benefits under the Rossler Plan. On December 21, 1993, Richard executed a new beneficiary designation, removing appellee (then his ex-wife) as the beneficiary of his

Rossler Plan death benefits. Richard died on April 3, 1995.

The December 21, 1993 beneficiary designation was completed by Richard as follows:

Designated beneficiary: Richard Lee Tomlinson II, Rileigh William Tomlinson, Trustee Lynn Tomlinson.

Richard Lee Tomlinson II and Rileigh William Tomlinson were Richard's minor sons; their mother is appellee. Lynn Tomlinson, who is also the appellant, was Richard's brother.

Aside from the language quoted above, the record contains no other trust instrument. The crux of the instant dispute is, therefore, as follows: Appellant contends that the quoted language created a trust of which he is the trustee, whereas appellee contends that the quoted language fails to create a valid trust by reason of vagueness. Appellee contends, based on her argument that no trust was created, that she is entitled to receive Richard's death benefit on behalf of their minor children as named beneficiaries, based a contractual clause in the Rossler Plan.[1]

The trial court entered its order granting appellee's cross-motion for summary judgment on April 29, 1996. The order recites the court's finding that "although Richard Tomlinson may have intended to create a trust which would name Lynn Tomlinson as trustee, such trust is not effective for the failure to provide any terms or instructions regarding the operation of any trust." This appeal ensued.

### Discussion

As a starting point, we note that a trust may be created by a property owner's *inter vivos* transfer of his property to another person as a trustee for third persons (*i.e.*, trust beneficiaries). TEX. PROP.CODE ANN. § 112.001(2) (Vernon 1995). The property transferrable to a trustee includes "contract rights, including a contractual right to receive death benefits as designated beneficiary under a policy of insurance, contract, employee's trust, retirement account, or other

arrangement." TEX. PROP.CODE ANN. § 111.004(12) (Vernon 1995); *see also* TEX. PROP.CODE ANN. § 121.052(a) (Vernon 1995) ("Payment of Death Benefit to Trustee"). However, "[a] trust is created only if the settlor manifests an intention to create a trust." TEX. PROP.CODE ANN. § 112.002 (Vernon 1995).

There exist no particular forms or words required to create a trust, if there exists reasonable certainty as to a putative trust's property, object and beneficiaries. *See Fred Rizk Const. Co. v. Cousins Mortg. & Equity Investments,* 627 S.W.2d 753, 757 (Tex.App.Houston [1st Dist.] 1981, writ ref'd n.r.e.); *Kurtz v. Robinson,* 279 S.W.2d 949, 952 (Tex.Civ.App.—Amarillo 1955, writ ref'd n.r.e.). By using the term "trustee" in the December 21, 1993 beneficiary designation, we believe that Richard manifested his intention to create a trust. The trust's property was to be the benefits paid in the event of his death pursuant to the Rossler Plan. The beneficiaries of said trust were to be Richard's minor sons, and the object of the trust was, clearly, the maintenance of his sons' welfare.

Appellee contends that no trust was created because no specific duties as trustee were devolved to appellant in the December 21, 1993 beneficiary designation. We disagree. By statute, a trustee shall administer a trust according to (1) its terms *and* (2) Texas Property Code, Title 9, Subtitle B. TEX. PROP. CODE ANN. § 113.051 (Vernon 1995).

Although the December 21, 1993 beneficiary designation lacks specific detail, all necessary details are supplied by Texas Property Code, Title 9, Subtitle B. *See, e.g.,* TEX. PROP. CODE ANN. §§ 113.002 ("General Powers"), 113.006 ("General Authority to Manage and Invest Trust Property"), 113.021 ("Distribution to Minor or Incapacitated Beneficiary"), 113.024 ("Implied Powers"), 113.056 ("Standard for Trust Management and Investment"), 114.001 ("Liability of Trustee to Beneficiary") (Vernon 1995).

---

1. We determine this clause to be inapposite, in light of our determination that a valid trust was created.

Appellee has cited the case of *City of Wichita Falls v. Kemp Public Library Bd. of Trustees*, 593 S.W.2d 834, 836 (Tex.Civ. App.—Fort Worth 1980, writ ref'd n.r.e.), which states as follows:

> A declaration of trust must be reasonably certain in its material terms. This includes identification of the property covered by the trust, the beneficiaries or persons in whose behalf the trust is created and the manner in which the trust is to be performed. If any of these elements are vague, general or equivocal, the trust will fail for want of certainty.

*City of Wichita Falls*, 593 S.W.2d at 836. However, the foregoing language is *dictum*.

The court in *City of Wichita Falls* was faced with a situation wherein a charitable donor had not expressed any desires regarding the creation of a trust. *Id.* That makes *City of Wichita Falls* distinguishable from the case at bar, because Richard expressed his desire to create a trust by specifically naming his brother as "trustee." In the present case, and consistent with Richard's express intention, the Texas Property Code supplies necessary trust terms.

By statute and common law, a wide measure of discretion is accorded to a trustee in the prudent operation of a trust. Tex. Prop. Code Ann. §§ 113.002, 113.006, 113.024 (Vernon 1995); *see also, Heironimus v. Tate*, 355 S.W.2d 76, 79 (Tex.Civ.App.—Austin 1962, writ ref'd n.r.e.) ("The amount which a beneficiary is entitled to receive may be left to the discretion of the trustee."); *Taysum v. El Paso Nat. Bank*, 256 S.W.2d 172, 176 (Tex. Civ.App.—El Paso 1952, writ ref'd) ("There seems to be no question that the testator, or settlor of a trust, may leave the trustee a wide discretion as to the mode of realizing the end sought."). Accordingly, we determine that the trust instrument was not so vague as to invalidate the settlor's intentions. We hold that a trust was created.

Appellee questions appellant's competency and fitness to serve as trustee, as well as his intentions regarding trust administration. The beneficiaries, however, are not without rights *vis-a-vis* the trustee. For example, the beneficiaries may, from time to time, demand a statement of accounts from the trustee. Tex. Prop.Code Ann. § 113.151 (Vernon 1995). The beneficiaries, as interested persons, may also petition the court for removal of the trustee. Tex. Prop.Code Ann. § 113.082(a) (Vernon 1995). In addition, both appellant, as trustee, and his nephews, as beneficiaries, may petition the court for modification or termination of the trust. Tex. Prop.Code Ann. § 112.054 (Vernon 1995).

The trial court erred in granting appellee's cross-motion for summary judgment. Appellant's single point of error is sustained, obviating the need to address appellee's cross-point regarding attorney's fees. Tex.R.App. P. 47.1. The order granting appellee's cross-motion for summary judgment is REVERSED and the cause is REMANDED to the trial court for proceedings consistent with this opinion.