TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00345-CV







Sylvia Sanders and Nancy French, Appellants



v.



The Boy Scouts of America, Capitol Area Council, Appellee







FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY


NO. 63,384, HONORABLE GUY HERMAN, JUDGE PRESIDING








 Sylvia Sanders and Nancy French ("appellants") appeal the trial court's grant of
partial summary judgment in favor of appellee, Capitol Area Council, Boy Scouts of America
("Boy Scouts"), in appellants' suit for declaratory judgment. (1) Because we do not find that the trial
court erred in its ruling, we will affirm.


BACKGROUND

 This appeal marks the second time this cause has been before us. The dispute
centers on real property located in Bastrop County. Appellants take the position that this real
property passed to them pursuant to the terms of an inter vivos trust established by Mary Lavinia
Griffith ("Griffith"). Conversely, the Boy Scouts contend the real property belongs to them either
as the devisee of Griffith's will or as the secondary beneficiary of the trust. In its order granting
summary judgment for the Boy Scouts, the trial court found the real property was an asset of
Griffith's estate, not the trust, and should be distributed accordingly. It found, alternatively, that
if the real property was an asset of the trust, Griffith made a valid exercise of appointment in favor
of the Boy Scouts. As this case is both factually and procedurally complex, a detailed description
of its history is necessary. 

 On August 29, 1991, Griffith executed an instrument titled "Declaration of Trust" 
that named William Campbell and G. Steven McElroy as Trustees, Griffith as primary beneficiary,
and the legal heirs of Griffith and the surviving issue of the legal heirs as second beneficiary and
remaindermen. Griffith executed a second instrument on February 3, 1992, also titled
"Declaration of Trust," which was identical to the previous trust except as to the manner in which
it was witnessed. (2) One of Griffith's friends, Herb Purtle, discovered these "Griffith Trusts" in
Griffith's home after she suffered an incapacitating stroke on July 30, 1993. Purtle took the
documents to Griffith's attorney. 

 The Griffith Trusts purport to convey the following of Griffith's real and personal
property into the trusts:


 All of Trustor's right, title and interest in that certain block of real estate
entitled The Griffith League Ranch and all other property which Trustor currently
has right, title and interest or may acquire from time to time.


 All oil, gas and other minerals in and under the above mentioned property.


 All cash, stocks, bonds, other securities, royalties, furnishings and other
personal property or items which Trustor now owns or may acquire from time to
time. (3)



Under Article VIII of the Griffith Trusts, Griffith reserved the power as trustor "to add, delete or
replace any Secondary Beneficiary or alter disbursement directions to any Secondary Beneficiary." 
The language of the Griffith Trusts naming "the legal heirs of Mary Lavinia Griffith" as the
secondary beneficiaries has been drawn through by hand with the initials "L.G." placed beside
it.

 Griffith executed her will on April 15, 1992, after the creation of the Griffith
Trusts. In the will, she devised approximately 5,000 acres of real property located in Bastrop
County to the Boy Scouts. (4) The will described the real property at issue as:


all real property owned by me in Bastrop County, Texas, located in the Griffith
League, known as the Jacob Large Survey, plus the adjoining 50 acres out of the
Wallace Survey, which serves as an entrance to the Griffith League, comprising
5,000 acres, more or less.



 Griffith died on October 13, 1993. She was survived by her daughter, Sylvia
Sanders, and granddaughter, Nancy French. The Boy Scouts attempted to probate Griffith's will,
but Sanders initiated a will contest. In a separate proceeding, Sanders sought a declaration that
the Griffith Trusts were valid and that the trust assets passed to her pursuant to the trust. The Boy
Scouts brought their own declaratory judgment action seeking a declaration that the trust was
invalid and that the real property passed according to Griffith's will. In the alternative, the Boy
Scouts argued that if the trusts were valid, the Boy Scouts, and not Sanders, were the second
beneficiary and, therefore, entitled to the real property. The Boy Scouts moved for summary
judgment, which the trial court granted. Sanders appealed to this Court. In a prior opinion, we
held that the trial court granted summary judgment on a ground not presented in the Boy Scouts'
motion, reversed the judgment, and remanded the cause. (5) Sanders v. Capitol Area Council, Boy
Scouts of Am., 930 S.W.2d 905, 911 (Tex. App.--Austin 1996, no writ). (6)

 On remand, the Boy Scouts filed a Second Amended Motion for Partial Summary
Judgment on November 18, 1996. In the motion, which is the focus of this appeal, the Boy Scouts
claim they are entitled to summary judgment declaring the real property an asset of Griffith's
estate and not an asset of the trust. The Boy Scouts advance three reasons to support this claim:
(1) any alleged attempted conveyance through the Griffith Trusts fails under the statute of frauds
due to inadequate description of the real property; (2) any attempted conveyance through the
Griffith Trusts fails because Griffith never delivered the purported trust instruments to any
individual prior to her death with the intention that the instruments operate as a conveyance; and
(3) the Griffth Trusts were created for a fraudulent purpose and are void as against public policy. 
Alternatively, assuming the Griffith Trusts are valid, the Boy Scouts argue Griffith exercised her
power of appointment, reserved in Article VIII of the trust, to change trust beneficiaries by
devising the real property to the Boy Scouts in her subsequently executed will.

 In response, appellants filed a First Amended Cross-Motion for Final Summary
Judgment on Validity of Trust. Appellants sought a determination from the trial court that, by
executing and delivering one or more of the trust instruments, Griffith created a valid trust and
made an inter vivos transfer of the property described in the trust instrument to another person as
trustee for Griffith and succeeding beneficiaries. Appellants also requested declarations that: (1)
the property described in the trust be deemed all of Griffith's property, of every kind and
character, owned by her at her death; (2) the Boy Scouts may not avoid the trust on the grounds
it was created to defraud creditors; (3) Griffith's execution of her will did not alter any beneficiary
designation in the trust; and (4) if Griffith did mark out the phrase the "legal heirs of Mary
Lavinia Griffith" beside the designation of secondary beneficiary, that act did not cause the trust
assets to revert to her estate but rather left the assets to pass according to the terms of the trust.

 After a hearing, the trial court denied appellants' motion and granted judgment for
the Boy Scouts on the following grounds: 



(1) Any attempted conveyance through the alleged trust instruments that create
the Griffith Trusts fails under the statute of frauds due to an inadequate
description of the real property conveyed thereunder.


(2) If the trust[s] were valid, Mary Lavinia Griffith, through her Last Will and
Testament, made a valid exercise of appointment in favor of the Boy Scouts
pursuant to Article VIII of the Trust.



Finally, the trial court ordered that the real property, which Griffith devised to the Boy Scouts in
her will, was the property of Griffith's estate and subject to distribution according to the
administration of the estate. Appellants now raise five points of error in this appeal. 


STANDARD OF REVIEW

 The standards for reviewing a motion for summary judgment are well established:
(1) the movant has the burden of showing that no genuine issue of material fact exists and that it
is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact
issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true;
and (3) every reasonable inference must be indulged in its favor. Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). The function of summary judgment is
not to deprive litigants of the right to trial by jury, but to eliminate patently unmeritorious claims
and defenses. Gulbenkian v. Penn, 252 S.W.2d 929, 931 (Tex. 1952).


DISCUSSION

 The trial court granted summary judgment in favor of the Boy Scouts on the ground
that any attempted conveyance of the real property through the Griffith Trusts fails because the
description of the real property does not satisfy the statute of frauds. In their first point of error,
appellants ask this Court to determine whether the real property was sufficiently described in the
Griffith Trusts. We hold that the description of the real property fails to comply with the statute
of frauds.

 In a section entitled "Statute of Frauds," the Texas Trust Code provides that a trust
in real property is enforceable only if there is written evidence of the trust's terms bearing the
signature of the settlor or the settlor's agent. See Tex. Prop. Code Ann. § 112.004 (West 1995). 
To satisfy the statute of frauds, the writing must be complete within itself in every material detail
and must contain all essentials elements so that they may be ascertained from writings without
resort to parol testimony. See Maginn v. Norwest Mortgage, Inc., 919 S.W.2d 164, 167 (Tex.
App.--Austin 1996, no writ); Boddy v. Gray, 497 S.W.2d 600, 603 (Tex. App.--Amarillo 1973,
writ ref'd n.r.e.). A description of real property identifies land with reasonable certainty, thereby
satisfying the statute of frauds, if it states that the alleged grantor, who has signed the written
instrument, is the owner of land to be conveyed and that grantor owns only one tract of land
answering to the description in the instrument. Kmiec v. Reagan, 556 S.W.2d 567, 569 (Tex.
1977).

 A declaration of trust must be reasonably certain in its material terms, which
include the trust property, beneficiaries, and object. See Tomlinson v. Tomlinson, 960 S.W.2d
337, 338 (Tex. App.--Corpus Christi 1997, pet. denied); City of Wichita Falls v. Kemp Pub.
Library Bd. of Trustees, 593 S.W.2d 834, 836 (Tex. Civ. App.--Fort Worth 1980, writ ref'd
n.r.e.). If any of these elements is vague, general, or equivocal, the trust will fail for want of
certainty. See Wilkerson v. McClary, 674 S.W.2d 79, 81 (Tex. App.--Beaumont 1983, no writ);
City of Wichita, 593 S.W.2d at 836. More specifically, trust property must be certainly and
definitely identified with as much certainty as is required in a deed of conveyance. See Kurtz v.
Robinson, 279 S.W.2d 949, 952 (Tex. Civ. App.--Amarillo 1955, writ ref'd n.r.e.) (property
must be sufficiently designated or identified to enable title to pass to the trustee); see also
Restatement (Second) Trusts § 76 (1959) (trust cannot be created unless the subject matter is
definite or definitely ascertainable). If the description of the trust property is indefinite and cannot
be ascertained, no trust is created. See Restatement (Second) Trusts § 76 cmt. a (1959). For the
purpose of satisfying the statute of frauds, no aspect of the writing is more essential than the
description of land. Crowder v. Tri-C Resources, Inc., 821 S.W.2d 393, 396 (Tex.
App.--Houston [1st Dist.] 1991, no writ).

 The written description of real property at issue here is the following:


All of Trustor's right, title and interest in that certain block of real estate entitled
The Griffith League Ranch and all other property which Trustor currently has
right, title and interest or may acquire from time to time.



 From the language "All of Trustor's right, title and interest," it can be inferred that
Griffith owns at least some interest in the referenced real property she seeks to describe. 
Ownership, however, is the only aspect of identification offered in this description, and ownership
alone does not provide a sufficient description of the property to satisfy the statute of frauds. The
Kmiec test requires ownership plus only one tract of land that could answer to the description in
the instrument. See Kmiec, 556 S.W.2d at 569. Here, the description in the Griffith Trusts
arguably satisfies the first prong of the Kmiec test but fails the second. The only attempted
description refers to "The Griffith League Ranch," without providing any more definite size or
location. The trusts do not describe the property as being located in the Griffith League or even
in Bastrop County. Griffith's will, on the other hand, gives a more detailed description and
demonstrates that she owns at least two parcels of land, and that these parcels are located in two
different surveys in Bastrop County, Texas. She identifies the two parcels of real property in her
will as "all real property owned by me in Bastrop County, Texas, located in the Griffith League,
known as the Jacob Large Survey, plus the adjoining 50 acres out of the Wallace Survey, which
serves as an entrance to the Griffith League." The will does not make clear whether both surveys
are located in the Griffith League or whether the Wallace Survey is adjacent to the Griffith
League, and the record does not contain a map of the land in question. Regardless of the location
of the surveys, Griffith's will clearly shows that she owned two parcels of land in Bastrop County. 
Consequently, we cannot determine that she owned only one tract of land that could fit the
description "The Griffith League Ranch."

 Nor can we conclude, despite appellants' urgings, that the Griffith Trusts use a
common or distinctive name for the real property. The trusts merely refer to "that certain block
of real estate entitled The Griffith League Ranch"; they do not describe the land as known as "The
Griffith League Ranch," and nothing in the evidence suggests that all the Bastrop real property
Griffith owned was commonly known as "The Griffith League Ranch."

 Further, appellants do not cite us to any summary judgment proof that anyone over
the years, besides an interested witness, knew or referred to this land as "The Griffith League
Ranch." (7) Appellants offered as summary judgment proof Sanders's affidavit in which she states
that Griffith "owned a block of real estate entitled The Griffith League Ranch" and that this is "the
property that is described in Schedule A of the four trusts." This affidavit, however, does not
establish that the common name for the land was "The Griffith League Ranch." If anything, it
establishes only that during the course of the litigation, Sanders, an interested witness, called the
land "The Griffith League Ranch." (8) Additionally, Griffith never refers to the real property as
"The Griffith League Ranch" in her will; rather, she identifies her real property as "all real
property owned by me in Bastrop County, Texas," and she provides a location for this
property--the Jacob Large Survey, which is in the Griffith League, and fifty acres of the Wallace
Survey, which is at the entrance of the Griffith League. Thus, we do not find that the language
in the Griffith Trust instruments includes a common or distinctive name for the real property.

 Finally, as the Boy Scouts correctly point out, the Griffith Trust description lacks
any reference to a city, town, street address, state, survey, abstract, tract, section, lot number,
metes and bounds, physical location, acreage or location of deed registry. In Seabolt v.
Vandaveer, 231 S.W.2d 665, 668 (Tex. Civ. App.--Eastland 1950, writ ref'd n.r.e.), the
appellate court concluded that a description of property in a written agreement as "all of the real
estate used with Strawn Concrete Pipe and Tile" was insufficient, as a matter of law, to satisfy the
statute of frauds. Not only did the court find the description was lacking in ownership, it also
stated:


No city, county or state is mentioned in connection with the location of the
property. No lot or block number is given, nor is there any indication as to the
amount of land sold. The essential elements of the contract may never be supplied
by parol. Parol evidence must not continue the framework or skeleton of the
agreement. This must be contained in the writing. Extrinsic evidence is admissible
for the purpose of identifying the land from data given in the contract but it is not
proper for the purpose of supplying the location or description. 



Id. Additionally, in Kurtz the court concluded that a description of real property in an instrument
purporting to create a trust in "the Ft Worth property the Andrews land and the home at Lubbock"
did not sufficiently describe the property to identify it. Kurtz, 279 S.W.2d at 952. We are
persuaded by Seabolt and Kurtz that the description of the property in the Griffith Trusts is
inadequate as a matter of law to identify the real property. 

 We hold that the description of the real property in the Griffith Trusts is too general
and vague to satisfy the statute of frauds. The attempted conveyance of real property into the
Griffith Trusts fails, and the real property, as an asset of Griffith's estate, passes according to her
will. See Brelsford v. Scheltz, 546 S.W.2d 404, 406 (Tex. Civ. App.--Houston [1st Dist.] 1978,
writ ref'd n.r.e.) (when trust fails, law implies resulting trust with beneficial title vested in trustor
or, in case of trustor's death, her estate and devisees). Appellants' first point of error is
overruled.

 Appellants' second point of error challenges the trial court's alternative summary
judgment ground that Griffith exercised her power of appointment in favor of the Boy Scouts. 
Appellants' third point of error raises questions concerning the construction of the will in light of
the trust and whether parol evidence should have been admitted to construe the will. Their fourth
point of error seeks a declaration that Griffith delivered the trust instruments with the intent that
her property be conveyed into the trusts. In the fifth point of error, appellants ask this Court to
decide whether it was immaterial, as a matter of law, that the trust was created for a fraudulent
purpose. These points, however, all relate to the validity of the Griffith Trusts. Since we have
concluded that any attempted conveyance of real property to the Griffith Trusts fails due to
inadequate description, we do not need to reach the merits of these contentions. Points of error
two, three, four, and five are overruled.


CONCLUSION

 We have determined that the description of the real property in the Griffith Trusts
fails to satisfy the statute of frauds. We uphold the trial court's ruling that the real property
belongs to Griffith's estate and passes according to the terms of her will. The order of the trial
court is affirmed.



 

 Marilyn Aboussie, Justice

Before Justices Aboussie, Jones and Kidd

Affirmed

Filed: October 15, 1998

Do Not Publish
1. Though styled as a partial summary judgment, this order is appealable because it disposes
of a discrete phase of a probate matter. See Sanders v. Capitol Area Council, Boy Scouts of
America, 930 S.W.2d 905, 909 (Tex. App--Austin 1996, no writ).
2. On the same days the Griffith Trusts were executed, Griffith also executed trust instruments
which named McElroy as Trustee, Griffith as primary beneficiary, and McElroy as second
beneficiary and remainderman ("McElroy Trusts"). Appellants contend that Griffith intended to
deliver to McElroy a Griffith Trust on each occasion, but that McElroy either tricked her into
executing McElroy Trusts or fraudulently converted Griffith Trusts into McElroy Trusts. Both
parties, however, have represented that the McElroy Trusts are not relevant to the issues involved
in this appeal. Accordingly, we are concerned only with the Griffith Trusts.
3. This appeal concerns only the real property.
4. Griffith executed a subsequent codicil to her will which did not alter this bequest.
5. In the meantime, the probate court admitted Griffith's will to probate and authorized the
issuance of letters testamentary on May 9, 1995. Sanders appealed, but this Court dismissed the
appeal at her request.
6. Nancy French intervened as a plaintiff in this suit after it was remanded to the trial court.
7. The summary judgment proof reflects that the eventual settlement agreement between the
Boy Scouts and McElroy refers to Griffith's real property as "The Griffith League Ranch." 
8. Sanders is an interested witness as she stands to inherit the land if she can defeat the Boy
Scouts' claims.



 Times (W1) Regular"> We hold that the description of the real property in the Griffith Trusts is too general
and vague to satisfy the statute of frauds. The attempted conveyance of real property into the
Griffith Trusts fails, and the real property, as an asset of Griffith's estate, passes according to her
will. See Brelsford v. Scheltz, 546 S.W.2d 404, 406 (Tex. Civ. App.--Houston [1st Dist.] 1978,
writ ref'd n.r.e.) (when trust fails, law implies resulting trust with beneficial title vested in trustor
or, in case of trustor's death, her estate and devisees). Appellants' first point of error is
overruled.

 Appellants' second point of error challenges the trial court's alternative summary
judgment ground that Griffith exercised her power of appointment in favor of the Boy Scouts. 
Appellants' third point of error raises questions concerning the construction of the will in light of
the trust and whether parol evidence should have been admitted to construe the will. Their fourth
point of error seeks a declaration that Griffith delivered the trust instruments with the intent that
her property be conveyed into the trusts. In the fifth point of error, appellants ask this Court to
decide whether it was immaterial, as a matter of law, that the trust was created for a fraudulent
purpose. These points, however, all relate to the validity of the Griffith Trusts. Since we have
concluded that any attempted conveyance of real property to the Griffith Trusts fails due to
inadequate description, we do not need to reach the merits of these contentions. Points of error
two, three, four, and five are overruled.


CONCLUSION

 We have determined that the description of the real property in the Griffith Trusts
fails to satisfy the statute of frauds. We uphold the trial court's ruling that the real property
belongs to Griffith's estate and passes according to the terms of her will. The order of the trial
court is affirmed.