**In re MEYERLAND COMPANY, Debtor.**

**Bankruptcy No. 87–05413–H5–11.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

Jan. 21, 1988.

Joel P. Kay, Houston, Tex., for debtor.

David B. Black, Houston, Tex., for petitioning creditors.

Richard W. Simmons, Lackshin & Nathan, Houston, Tex., for Continental Savings Ass'n.

ORDER

MARGARET A. MAHONEY, Bankruptcy Judge.

This matter comes before me upon debtor's emergency motion for order to show cause and for certificate of civil contempt. Although the motion seeks to certify the matter to the district court so that the district court may finally determine whether civil contempt is warranted, I conclude that certification is unnecessary. Resolu-

tion of this matter turns solely upon the applicability of 11 U.S.C. § 362(a) and any damages resulting from the alleged violation of the stay pursuant to section 362(h). Pursuant to 28 U.S.C. § 1334(b), a proceeding which invokes a substantive right provided for by a specific provision under Title 11 is a "proceeding arising under Title 11." Pursuant to 28 U.S.C. § 157(b), this proceeding is a core proceeding in which I may enter a final order for judgment. Having examined counsel's memoranda, reflected upon their arguments presented orally at the hearing and researched Fifth Circuit precedent on the issue, I conclude that the automatic stay provided for by 11 U.S.C. § 362 under the facts of this case does not apply. Therefore debtor's requests for damages under U.S.C. § 362(h) is denied.

## I. FACTUAL BACKGROUND

The debtor, Meyerland Company, ("Meyerland"), is a judgment debtor of Continental Savings Association ("Continental") as a result of Continental's recovery on a counterclaim in a state court suit initiated by Meyerland Company against Continental. William Michael Adkinson ("Adkinson") is also a judgment debtor on the counterclaim filed by Continental. Both Meyerland and Adkinson are jointly and severely liable on the $29 million judgment. Adkinson's liability arises from a guaranty of a promissory note executed in favor of Continental by Meyerland.

On June 2, 1987, an involuntary petition was filed against Meyerland pursuant to 11 U.S.C. § 303. In an effort to collect on the judgment obtained against Adkinson, on June 26, 1987, Continental filed a cause of action in state court against Adkinson, the Development Group Incorporated ("DGI"), Sandsend Financial Consultants, Limited ("Sandsend"), and Don Adkinson. DGI is the corporate parent of the debtor, owning a 100% of the stock of Meyerland. Sandsend is one of the owners of the stock of DGI. Don Adkinson is William Adkinson's brother. None of the four defendants in the suit initiated by Continental to collect on its judgment is a debtor in bankruptcy.

Continental's suit to recover on the $29 million judgment is based upon four distinct legal theories; (1) fraudulent transfer; (2) tort; (3) civil conspiracy; and (4) constructive trust. Based on the theory of fraudulent transfer Continental seeks to recover shares of stock of DGI which were allegedly owned and controlled by Adkinson but transferred to Sandsend. Continental also alleges the fraudulent transfer of other assets between Adkinson and DGI as well as Adkinson's brother. The tort allegation alleges that the defendants' denied Continental its interest in Adkinson's property. Continental's claim of civil conspiracy alleges that defendants acted to hinder, delay, and defraud Continental in its effort to collect its judgment. As support for this allegation Continental argues that DGI is an alter ego of Adkinson and that Adkinson is an alter ego of DGI. Continental's constructive trust theory alleges that Adkinson, Sandsend, and DGI are all alter egos of each other. It is these underlying allegations that DGI, Sandsend, and Adkinson are alter egos of each other that led debtor to argue that the automatic stay provided for by 11 U.S.C. § 362 bars Continental's suit to collect on the $29 million judgment.

## II. DISCUSSION

■ Debtor argues that Continental's suit to recover against the nondebtor defendants is stayed by 11 U.S.C. § 362(a)(1) or 11 U.S.C. § 362(a)(3). Section 362(a)(1) stays the commencement or continuation of any judicial proceeding against the debtor. Section 362(a)(3) stays any act to obtain possession or to exercise control over property of the estate.

The Fifth Circuit has held that section 362(a)(1) applies only to actions against the debtor and not to nondebtor third parties or codefendants. *Wedgeworth v. Fibreboard, Corp.*, 706 F.2d 541 (5th Cir.1983). Although acknowledging in dicta that other courts have applied section 362(a)(1) to nondebtor parties, the Fifth Circuit has not yet rendered such a determination in any case. *In re S.I. Acquisition, Inc.*, 817 F.2d 1142 (5th Cir.1987). The court has intimated

that in an "unusual situation" section 362(a)(1) may apply to nondebtor parties:

> ... when there is such identity between the debtor and the third party defendant that the debtor may be said to be the real party defendant and that a judgment against the third party defendant will in effect be a judgment or finding against the debtor. *In re S.I. Acquisition, Inc.,* 817 F.2d at 1148 (quoting *Robins Co., Inc. v. Piccinin,* 788 F.2d 994, 999 (4th Cir.1986)).

The court in *Acquisition* referred to the Fourth Circuit's explanation for applying a section 362(a)(1) stay to nondebtor party as appropriate "when the liability of the non-bankrupt is not independent of the debtor's liability and a judgment against the non-bankrupt will be binding on the debtor." *Id.* at 1148.

I do not find that a judgment against any of the four defendants in Continental's suit to recover upon the $29 million judgment will in effect be a judgment or finding against the debtor. Adkinson's liability as a result of Continental's judgment on the counterclaim is independent of the debtor's liability, and any recovery or further judgment against Adkinson will not be binding upon the debtor's estate. Contrary to the assertions of debtor, Continental has not alleged that any of the defendants is an alter ego of the debtor. Furthermore, debtor has not claimed that debtor and the nondebtor entities should be considered one entity for purposes of this bankruptcy case. Therefore, I hold that 11 U.S.C. § 362(a)(1) does not apply to the facts of this case.

■ Section 362(a)(3) stays any action, whether against the debtor or nondebtor that seeks to obtain or exercise control over the property of the estate. The fifth circuit has discussed the scope of section 362(a)(3) in *In re MortgageAmerica,* 714 F.2d 1266 (5th Cir.1983), and *In re S.I. Acquisition, Inc.,* 817 F.2d 1142 (5th Cir. 1987). *In re MortgageAmerica,* the Fifth Circuit held that section 362(a)(3) applies to nondebtor parties in two situations: (1) where the cause of action asserted by the creditor in the state court action belongs not only to the creditor, but also to the debtor; and (2) where the cause of action seeks to recover property of the estate where the property is held or controlled by a person or entity other than the debtor. *In re S.I. Acquisition, Inc.,* 817 F.2d 1150 cited with approval in *In re MortgageAmerica,* 714 F.2d 1266.

Under the first analytical prong articulated by the Fifth Circuit in *In re MortgageAmerica,* the key point is whether the cause of action asserted by Continental in any way constitutes property of the estate. Property of the estate under section 541(a)(1) includes "all legal or equitable interests of the debtor in property as of the commencement of the case." Legal or equitable interests of the debtor in property, as interpreted by the court in *In re MortgageAmerica,* incorporates all rights of action which the debtor could assert to recover property of the estate, even though that right is assertable by the debtor's creditors. *Id. S.I. Acquisition* at 1149.

Debtor has argued that Continental's fraudulent transfer cause of action is property of the estate of Meyerland. Debtor's argument that it owns the fraudulent transfer cause of action depends on the following syllogism: Continental alleges that Adkinson is an alter ego of DGI. Since DGI owns 100% of the stock of the debtor then any alleged fraudulent transfer of the stock of DGI would in effect be a transfer of property of the estate. The problem with this argument, as I see it, is that the stock of DGI is not property of the debtor Meyerland's estate. If anyone were to own the fraudulent transfer cause of action it would be DGI or its creditors and not Meyerland. In this case, unlike *MortgageAmerica* or *Acquisition,* no alter ego theory has been posited which alleges that a controlling entity of the *debtor* has so violated the corporate form as to be identical and inseparable from the debtor. Instead, Continental has asserted that an alter ego relationship exists between nondebtor parties, principally Adkinson and the entities he allegedly exercises control over, which permits Continental to reach assets transferred among these entities to satisfy the distinct and independent liability

that Adkinson owes on the state court judgment. Since neither Continental nor the debtor have asserted that an alter ego relationship exists between the debtor and an entity allegedly in control of the debtor, I hold that those cause of actions which rely upon an alter ego theory do not belong to the debtor and hence are not property of the estate.

Under the second analytical prong articulated in *MortgageAmerica*, debtor maintains that Continental suit to recover on the $29 million judgments seeks to recover property of the estate held or controlled by an entity other than the debtor. Debtor argues that Continental's suit to recover the stock in DGI is in effect an attempt to gain control of Meyerland in order to prevent the appeal of the counterclaim giving rise to the judgment against Meyerland and Adkinson. Although debtor's right to appeal the judgment is undoubtedly property of the estate, I hold that Continental's action to recover the stock of DGI, though it is the corporate parent of Meyerland, is not an attempt to gain control of property of the estate. The scenario that debtor outlined is too tenuous and speculative *at this point* to be characterized as an attempt by Continental to gain control of property of the debtor. If in fact Continental does gain control of the stock of DGI, and through control of DGI, Continental attempts to exercise control over property of the debtor's estate, such action by Continental without obtaining relief from stay would clearly be impermissible under section 362(a)(3). At this juncture, however, Continental's suit does not constitute an act under section 362(a)(3) to obtain possession of property of the estate.

### III. CONCLUSION

Continental has not alleged that any of the nondebtor entities are alter egos of Meyerland. Debtor has not argued that the protection afforded by 11 U.S.C. § 362 should be extended to the nondebtor entities because Meyerland and these entities are alter egos of each other. Continental's suit which seeks to recover upon the $29 million judgment against Adkinson is based on liability distinct and independent from the debtor. The suit seeks to recover property which is not property of the estate. The causes of actions asserted by Continental against Adkinson and other nondebtor parties do not belong to Meyerland and therefore are not property of the estate. The stock of DGI now held by Sandsend in no way constitutes property of the estate. For that matter the stock of Meyerland held by its parent DGI is not property of the estate of Meyerland. *Uranga v. Geib* (*In re Paso del Norte Oil Co.*), 755 F.2d 421 (5th Cir.1985). Moreover, at this point, Continental's attempt to gain control of DGI by executing upon the stock of DGI does not constitute an act to gain control of property of the debtor in possession of a third party.

Therefore I hold that this case does not present the "unusual circumstances" necessary for a section 362(a)(1) stay of actions asserted by Continental against nondebtor defendants. In addition, I hold that since Continental's suit does not seek to obtain or exercise control over property of the estate, section 362(a)(3) does not at this time operate to stay the actions of Continental. I conclude that all relief sought by debtor should be denied.

I do believe, however, that debtor's arguments have been made in good faith with a reasonable factual basis asserted for an extension of existing law. Therefore, Continental's motion for Rule 11 sanction against debtor will also be denied.

It is ORDERED that:

1. Debtor's motion for an order to show cause and for a certificate of civil contempt is denied.

2. Continental Savings Association's motion for Rule 9011 sanctions is denied.