Emil E. KMIEC, Petitioner,

v.

Doyle REAGAN et ux., Respondents.

No. B–6873.

Supreme Court of Texas.

Sept. 27, 1977.

Rehearing Denied Oct. 26, 1977.

Dennis B. POWERS, Petitioner,

v.

STATE of Texas, Respondent.

No. B–6429.

Supreme Court of Texas.

Sept. 27, 1977.

Harris & Norman, Dona E. Harris, Franklin, Miller, Gann & Perdue, W. Mac Gann, Houston, for petitioner.

Edwards, Faulkner, Giles & Makowsky, John B. Faulkner, Waco, for respondents.

PER CURIAM.

The question here is the adequacy of the description of land, in a contract of sale, to meet the requirement of the Statute of Frauds.

Emil E. Kmiec and Esidor J. Brounkowski purchased approximately 300 acres of land and obtained an option to purchase an additional 493.5 acres in Robertson County, Texas, from Doyle Reagan and his wife. It is the option that is the subject of this suit. The contract of sale gave Kmiec and Brounkowski, who assigned all of his interest to Kmiec, the option to purchase the 493.5 additional acres owned by the Reagans at a price of $200 per acre. The land covered by the option provision was described as follows:

> It is understood and agreed that Sellers also own other lands in said Marquez 11 Leagues Grant in Robertson County, Texas, the same lying south of and across said gravel County Road from the premises above described [referring to the 300 acres], said premises being described as containing 493.5 acres of land, more or less, being 150 acres of land, more or less, lying in the southeast corner of Section Number 31 of said 11 Leagues; 168.25 acres of land, more or less, and 168.25 acres of land, more of less, situated in the northeast and southeast corners of Section Number 42 of said 11 Leagues; and a tract of approximately seven (7) acres lying adjacent to said County Road between Steel's Creek and the west boundary line of Section Number 32 of said 11 Leagues.

Kmiec timely notified the Reagans of his desire to exercise the option to purchase the 493.5 acres. The Reagans, however, "disavowed" the option. Kmiec sued for specific performance. The trial court rendered judgment for Kmiec, ordering the Reagans to convey the 493.5 acres for $200 per acre, the price stated in the option provision.

The Court of Civil Appeals in Waco reversed and rendered a take nothing judgment. 551 S.W.2d 525. The Court held that since the option provision did not identify the land to be conveyed with reasonable certainty to satisfy the Statute of Frauds, Tex.Bus. & Comm.Code Ann. § 26.-

01 (1968), the option to purchase was unenforceable.

■ While the Statute of Frauds provides that all contracts for the sale of real estate must be in writing, no requirements for the writing, other than it be signed by the grantor, are set out. It has been left to the courts to determine the substance and form the written instrument must satisfy before it is enforceable. Insofar as the description of the property to be conveyed is concerned, the writing must furnish within itself the means or data by which that particular land may be identified with reasonable certainty. *Morrow v. Shotwell*, 477 S.W.2d 538 (Tex.1972); *Wilson v. Fisher*, 144 Tex. 53, 188 S.W.2d 150 (1945).

■ One clear method by which property can be described with reasonable certainty is set out in *Pickett v. Bishop*, 148 Tex. 207, 223 S.W.2d 222 (1944).

> The settled rule in this state is that such a description, by reason of the use in the memorandum or contract of such words as "my property", "my land", or "owned by me", is sufficient when it is shown by extrinsic evidence that the party to be charged and who has signed the contract or memorandum owns a tract and only one tract of land answering the description in the memorandum. 223 S.W.2d at 223.

When the grantor is stated to be the owner of the property to be conveyed and it is proved that the grantor owns only a single tract answering the description, the land is identified with reasonable certainty.

■ In the case at bar, the 150 acre tract and two 168.25 acre tracts were each identified as being located in the corner of a particular section of the Marquez 11 Leagues Grant in Robertson County, Texas. The only deficiency in description is the shape of each of these corner tracts. However, extrinsic evidence is admissible under *Pickett v. Bishop, supra*, to cure this defect and satisfy the Statute of Frauds.

The first requirement of *Pickett* is satisfied by the statement in the option provision that the Reagans own the tracts to be conveyed. At trial evidence was introduced sufficiently identifying the property as required by the second part of the *Pickett* rule. Mr. Reagan testified that the land described by the option provision at the time that Kmiec exercised the option was all the land he owned in Robertson County. Additionally, a title opinion, prepared from the public deed records by an abstract company, was admitted into evidence providing a metes and bounds description of a 150 acre tract and two 168.25 acre tracts, fitting the description given in the option, and stating that each was owned by the Reagans. Under the *Pickett* rule, the option provision described the three tracts so that each could be identified with reasonable certainty. The Statute of Frauds is satisfied.

The holding of the Court of Civil Appeals is in conflict with *Pickett v. Bishop, supra*. The application for writ of error of Emil E. Kmiec is granted and, without oral argument, the judgment of the Court of Civil Appeals is reversed in part. Rule 483, Texas Rules of Civil Procedure. The trial court's judgment ordering specific performance of the option provision with respect to the 150 acre tract and two 168.25 acre tracts is affirmed. That portion of the cause by which Kmiec seeks to enforce the sale of a tract of seven acres is severed. The description of the seven acres being deficient, and no contention being made to the contrary, the judgment of the Court of Civil Appeals is in that respect affirmed.