**Thomas RIPLEY, Plaintiff,**

v.

**Thomas J. MULROY, and Rockville Travel, Inc., doing business as Faith Travel Service, Defendants.**

No. 87 CV 359.

United States District Court,
E.D. New York.

Nov. 23, 1987.

**18**

James Dolan, Garden City, N.Y., for plaintiff.

Labozzetta & Hass (Lawrence Gottlieb, of counsel), New York City, for defendants.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

In this case allegedly based on federal question jurisdiction, 28 U.S.C. § 1331, with pendent state claims, defendants move to dismiss the Complaint under the "automatic stay" provision of the Bankruptcy Code, 11 U.S.C. § 362. For the reasons set forth below, the motion is denied.

### FACTS

Plaintiff, Thomas Ripley, and defendant Thomas J. Mulroy reside in Nassau County, New York. Defendant Rockville Travel, Inc. ("Rockville"), which does business as Faith Travel Service, is a domestic corporation headquartered in Nassau County. Faith Tours, Inc. ("Faith Tours"), which is not a party in this case, also is a domestic corporation headquartered in Nassau County. The Complaint alleges that at all relevant times, Mr. Mulroy was president, sole common-stock shareholder, and controlling person of Rockville and Faith Tours.

Faith Tours sold to plaintiff promissory notes totalling $70,000. The notes were not paid at maturity. Plaintiff then brought an action in state court against Faith Tours on the notes, and judgment was entered in plaintiff's favor. Shortly thereafter, Faith Tours filed a voluntary petition in bankruptcy under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 et seq. The petition stated that plaintiff was an unsecured creditor of Faith Tours in the amount of $70,000.

Plaintiff subsequently commenced this action. The gravamen of the Complaint is that Mr. Mulroy defrauded plaintiff by causing him to lend money to Faith Tours in exchange for worthless promissory notes. Mulroy allegedly diverted funds from Faith Tours to himself, Rockville, and others, thus leaving Faith Tours unable to pay on the promissory notes when they matured.

The Complaint contains five counts. Count I contains claims against Mulroy under the Securities Act of 1933, 15 U.S.C. § 77a et seq. and the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq. Count II is a claim against Mulroy under the Racketeer Influenced and Corrupt Organizations law, 18 U.S.C. § 1961 et seq. Count III is a claim against Mulroy under the New York General Business Law Article 23–A (McKinney 1984 & Supp.1987) Count IV consists of claims against Mulroy and Rockville under the New York Debtor and Creditor Law Article 10 (McKinney 1945 & Supp.1987). Count V contains claims against Mulroy for common-law fraud and breach of fiduciary duty.

Defendants have moved to dismiss the Complaint, arguing that the automatic stay provision of the Bankruptcy Code applies because Faith Tours has filed a Chapter 11 petition. Defendants argue that the Court should not permit plaintiff to circumvent the automatic stay provision by naming Mr. Mulroy and Rockville, and not Faith Tours, as defendants.

### DISCUSSION

The automatic stay provision of the Bankruptcy Code states, in relevant part:

(a) ... [A] petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this Title.

11 U.S.C. § 362(a)(1).

Plaintiff does not contest defendants' assertion that his claims arose prior to the

filing of Faith Tours' Chapter 11 petition. Thus, the sole question is whether defendants are debtors within the meaning of § 362(a)(1).

■ The automatic stay provision was intended by Congress to apply to the debtor only, and not to others. *See Williford v. Armstrong World Industries, Inc.,* 715 F.2d 124, 126–27 (4th Cir.1983); *see also Teachers Insurance & Annuity Association of America v. Butler,* 803 F.2d 61, 65 (2d Cir.1986). A "debtor" under the Bankruptcy Code, is the "person ... concerning which a case under [the Bankruptcy Code] has been commenced." *Id.* § 101(12). "Person" is defined to include corporations. *Id.* § 101(35). Faith Tours thus is a debtor under the Code. Defendants, however, are not. Neither defendant has filed a petition in bankruptcy. In addition, the claims in this case are distinct from those brought in state court against Faith Tours. I therefore conclude that the automatic stay provision does not apply to this case.

■ Upon review of the record, the Court is disquieted by a possible jurisdictional defect. The citizenship of the parties appears not to be diverse. Under the doctrine of pendent jurisdiction, *see United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), the Court has jurisdiction to decide this case if the federal and state claims are based on a common nucleus of operative facts, *id.* The Complaint, however, does not contain a federal claim against defendant Rockville. The Court thus has grave doubts about whether there is subject matter jurisdiction over Rockville. If not, it arguably does not have jurisdiction to decide this case. Accordingly, it is hereby ORDERED that the parties serve and file legal memoranda concerning this issue on or before December 4, 1987. Reply papers, if any, shall be served and filed on or before December 11, 1987.

SO ORDERED.