[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 2, 1992, this court denied the Plaintiff's Motion for Judgment Upon Default against the Defendant, Jeffrey Donahue. The court determined when the Defendant, Dennis Donahue, filed a Chapter 7 bankruptcy petition, it caused this proceeding to be stayed as to the Defendant, Jeffrey Donahue, who was a co-guarantor on the Demand Time Loan being sued upon along with the Defendant, Dennis Donahue. Jeffrey Donahue and Dennis Donahue had executed separate guarantees with the Plaintiff, Union Trust Company.
On March 11, 1992 the Plaintiff, Union Trust Company, filed a Motion to Reconsider, wherein counsel represented that he was unable to locate the Connecticut Supreme Court authority to which the court referred in denying the Plaintiff's Motion for Judgment Upon Default. The memorandum submitted in support of that motion cited to 11 U.S.C. § 362 (a) which only applies to CT Page 3724 debtors. Plaintiff recognizes that the automatic stay provided therein can be extended to non-debtors, but only in limited instances, of which plaintiff contends, this is not one.
Upon speaking with Jeffrey Donahue's attorney, plaintiff's counsel was made aware of a Supreme Court case to which the court referred in rendering its decision on March 2, 1992. Upon reviewing the Connecticut Supreme Court case of Kilduff v. Adams, Inc., 219 Conn. 314 (1991) (copy attached), plaintiff's counsel filed a supplemental memorandum in support of its motion to reconsider wherein he asserted that the Kilduff case is inapposite and distinguishable from the facts in this matter.[1]
 In general, the automatic stay does not apply to proceedings against nondebtors. Teachers Ins. and Annuity Ass'n of Am. v. Butler, 803 F.2d 61, 65 (2d Cir. 1986); Austin v. Unarco Indus., Inc., 705 F.2d 1, 4 (1st Cir. 1983), cert. dismissed, 463 U.S. 1247, 104 S.Ct. 34, 77 L.Ed.2d 1454 (1983); Ripley v. Mulroy, 80 B.R. 17, 19 (E.D.N.Y. 1987); Plessey Precision Metals, Inc. v. Metal Center, Inc. (In re Metal Center, Inc.), 31 B.R. 458, 462
(Bankr. D.Conn. 1983).
In re Rubenstein, 105 Br. 198, [105 B.R. 198], (Bkrptcy.D.Conn. 1989). Had Congress waited to extend the automatic stay for nonbankruptcy parties, it could have done so. Credit Alliance Corp. v. Williams, 851 F.2d 119, 121 (4th Cir. 1988).
 Where, however, there is such an identity between a debtor and a nondebtor that a judgment against the nondebtor would be binding upon the debtor, the debtor's protection must be extended to enjoin litigation against the nondebtor. A. H. Robins Co., Inc. v. Piccinin (In re A. H. Robins Co., Inc.), 788 F.2d 994, 999 (4th Cir. 1986), cert. denied, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986); In re Metal Center, Inc., supra, 31 B.R. at 462 (Bankr. D.Conn.). See also S. I. Acquisition, Inc. v. Eastway Delivery Serv., Inc. (Matter of S. I. Acquisition, Inc.), 817 F.2d 1142, 1147-48 (5th Cir. 1987).
In re Rubenstein, supra at 201-202. CT Page 3725
This "singularity of identity" exception has been applied in a few Connecticut cases to provide a stay of the proceedings as to nondebtors. See e.g. Employee Staffing of America, Inc. v. Patrissi Landscaping, Inc., et al, 2 Conn. L. Rpt. 806 (1990) and Stanley-Vidmar v. Marineland, Inc., et al, 5 Conn. L. Rpt. 388 (1992). In Employee Staffing of America v. Patrissi Landscaping, Inc., et al, supra, the court found that because defendants Milbiers, who were seeking the safe harbor of the stay automatically extended Patrissi, were guarantors of an agreement between the plaintiff and Defendant Patrissi, the relationship was such that the stay was in order. In Stanley-Vidmar v. Marineland, the court found that because Defendant Stol is an officer of the Defendant Marineland, Inc., the stay afforded Stol must be extended to Marineland, Inc. "[I]f the claims are separated into two actions or one of the defendants is dropped from the existing action," the court indicated it would terminate the stay. Id. In the absence of such action, the request was denied.
These cases reflect concern for the debtors and the effects that a judgment in the case in which they do not participate can have on them. Therefore it is the debtor upon whom the courts' attention were focused. Similarly, the court in In re Rubenstein, supra, first determined that the debtor would not be bound by any judgment that the plaintiff foreclosure committee might obtain against the mortgagee bank in state court before concluding that the bank should not be protected by the automatic stay afforded the debtor home owner.
In this case, Jeffrey Donahue executed a separate all-purpose guarantee for the debts of Bed City Shops, Inc. due and owing to Union Trust. Dennis Donahue, the debtor in bankruptcy and co-defendant in this action, also executed a separate all-purpose guarantee for the debts due and owing to Union Trust from Bed City Shops, Inc. Unlike in Employee Staffing of America, Inc. v. Patrissi Landscaping, Inc., et al, supra, wherein the court examined the Plaintiff's suit against the debtor and the guarantor, and concluded that a judgment against the guarantor could clearly have some adverse effects down the road on the debtor, this court is faced with a suit against two separate and distinct guarantees each signed by a separate and single individual. A judgment against one would have no adverse effects on the other.[2] Therefore, this court finds that the Defendant Jeffrey Donahue is not protected by the stay automatically provided his brother Dennis. As such, the default against Jeffrey Donahue was properly entered on January 13, 1992 for his failure to plead and a new motion for judgment with current figures may be filed.
KATZ, JUDGE CT Page 3726