Toy BAMBURG, et al., Appellants,

v.

David TOWNSEND, et al., Appellees.

No. 06–99–00167–CV.

Court of Appeals of Texas,
Texarkana.

Argued Oct. 26, 2000.

Decided Nov. 15, 2000.

Clarice Attaway Allen, Texarkana, for appellant.

Mark C. Burgess, Joshua Nelson-Archer, Crisp, Boyd & Poff, LLP, Texarkana, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

David Townsend and Phillip McCoy filed a petition for forcible entry and detainer and suit for possession, unpaid rent, and damages on June 11, 1999. The petition was granted by the justice court on June 21, 1999. Toy Bamburg and John Fazio, II appealed the judgment to the district court on June 28, 1999. A nonjury trial was held, and judgment for Townsend and McCoy granting damages of rents and attorney's fees was affirmed and entered on November 2, 1999. Bamburg and Fazio appeal this judgment.

Townsend and McCoy are the mortgagees of real property located at 721 West 27th Street in Texarkana, Texas. Acting as The Appraisal Group, a partnership, they sold the property to Debra Sanders on December 13, 1996. In the deed of trust for the property, paragraph 7, there was a provision for assignment of rents on default.

On February 16, 1999, Debra Sanders (now Zamporelli), the mortgagor, filed a Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Northern Dis-

trict of Texas. The real property was listed as secured property. Townsend and McCoy received notice of the bankruptcy filing. On April 8, 1999, the bankruptcy trustee announced the abandonment of the real property from the bankruptcy estate at a creditors' meeting.

On May 3, 1999, Townsend and McCoy wrote Bamburg and Fazio, who were renting the property, stating that they would begin foreclosure proceedings on the property, although the bankruptcy was still pending. The letter also stated that pursuant to the deed of trust, they would be collecting the rents. Townsend and McCoy wrote a second letter on June 2, 1999. This letter demanded payment of rents and threatened eviction if the rents were not paid by June 5, 1999. Townsend and McCoy filed the forcible entry and detainer action on June 11, 1999, and the course of litigation has brought the suit to this Court.

■ This case presents an unusual situation to analyze the law of bankruptcy. Debra Zamporelli, who declared bankruptcy, is not a party to the suit, although her declaration of bankruptcy is what propelled the events leading to this appeal. Townsend and McCoy are the mortgagees of the property. Zamporelli was the mortgagor in bankruptcy. Bamburg and Fazio were the tenants of Zamporelli. After abandonment of the property by the trustee, Townsend and McCoy sought to enforce the default clause in the deed with Zamporelli against Bamburg and Fazio. In this appeal, Bamburg and Fazio seek to have the bankruptcy of Zamporelli shield them from the judgment of the district court.

The Bankruptcy Code, Section 362(a), provides that a filed bankruptcy petition operates as a stay, applicable to all entities, of:

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

11 U.S.C.A. § 362(a) (West 1993 & Supp. 2000).

Bamburg and Fazio are not the debtors in the bankruptcy action, although the property in question was part of the bankruptcy estate. Townsend and McCoy claim that abandonment of the property by the trustee allowed them to assert their possessory interest in the property without concern for the Section 362(a) stay, because that provision does not apply to Bamburg and Fazio. On the other hand, Bamburg and Fazio assert that even though the property was abandoned by the bankruptcy trustee, the Section 362(a) stay was not lifted on that property and any

judgment in violation of that provision is void. An examination into the law of bankruptcy is necessary to determine if the Section 362(a) stay applies in this factual situation.

The automatic stay in Bankruptcy Code Section 362 stays the bringing of a lawsuit against the debtor (11 U.S.C.A. § 362(a)(1)) and any act to obtain possession of property from the estate (11 U.S.C.A. § 362(a)(3)). The purpose of the stay is twofold. First, it provides protection by giving the debtor a breathing spell from creditors and granting time to repay or reorganize. The stay stops all collection efforts, harassment, and foreclosure actions. Second, the stay protects the creditor. Without the stay, certain creditors would be able to pursue their own remedies against the debtor's property and those creditors who acted first would obtain payment to the detriment of other creditors. *Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir.1992). The automatic stay is purposely broad to prevent multiple suits in various courts. *Stone v. George F. Richardson, Inc.*, 169 Ga.App. 232, 312 S.E.2d 339, 342 (1983). The bankruptcy court then becomes the only place for disputes against the debtor. *See Meis–Nachtrab v. Griffin (In re Meis–Nachtrab)*, 190 B.R. 302, 306 (Bankr. N.D.Ohio 1995).

Townsend and McCoy challenge the authority of this Court to hear this case. However, other courts have held that state appellate courts do have jurisdiction to determine whether a case before it is subject to the stay provision of Section 362. *Wisconsin v. Weller (In re Weller)*, 189 B.R. 467, 471 (Bankr.E.D.Wis.1995); *NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 939 (6th Cir.1986). We hold that this Court has jurisdiction to decide this appeal on whether the stay was applicable to this case.

This Court has held that any order or judgment entered during the pendency of a proceeding in bankruptcy is void in contravention of the automatic stay provided by Section 362. *Thomas v. Miller*, 906 S.W.2d 260, 261 (Tex.App.—Texarkana 1995, no writ); *see Lawrenson v. Global Marine, Inc.*, 869 S.W.2d 519, 523 (Tex.App.—Texarkana 1993, writ denied). The automatic stay deprives state courts of jurisdiction until the stay is lifted or modified. *Howell v. Thompson*, 839 S.W.2d 92 (Tex.1992) (order). Townsend and McCoy accurately depict the law of the Fifth Circuit that renders actions infringing on the stay to be "voidable" and not "void." *Jones v. Garcia (In re Jones)*, 63 F.3d 411, 412 n. 3 (5th Cir.1995). This linguistic difference has practical ramifications. Treating as void an action taken in contravention of the automatic stay places the burden of validating the action on the offending creditor. In contrast, treating as voidable an action in contravention of the automatic stay places the burden of challenging the action on the offending debtor. *Soares v. Brockton Credit Union (In re Soares )*, 107 F.3d 969, 976 (1st Cir.1997). While the decision of the Fifth Circuit is of value, it is merely persuasive. This Court is obligated to follow only higher Texas courts and the United States Supreme Court. *Penrod Drilling Corp. v. Williams*, 868 S.W.2d 294, 296 (Tex.1993); *Thomas v. Miller*, 906 S.W.2d 260, 262 (Tex.App.—Texarkana 1995, no writ).

There are two issues involved in this case that require further legal analysis and that are important to our disposition of this appeal. First is the fact of the abandonment of the property by the bankruptcy trustee and the ramifications of that abandonment. Second is the fact that Bamburg and Fazio are not the debtor, and thus not directly protected by the Section 362 stay.

As to the first issue, we note that the trustee may abandon "any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C.A. § 554(a) (West 1993). Such abandonment

by the bankruptcy trustee removes the property from the bankruptcy estate, but upon this removal the property then reverts to its prebankruptcy status of being in possession of the debtor. As pertains to the debtor, the stay remains in effect until the case is closed, the case is dismissed, or discharge is granted or denied by the bankruptcy court. 11 U.S.C.A. § 362(c)(2) (West 1993); *Gassaway v. Fed. Land Bank of New Orleans (In re Gassaway)*, 28 B.R. 842, 846 (Bankr.N.D.Miss.1983). Therefore, the abandonment of the property by the bankruptcy trustee is not the same as termination of the stay. *In re Markey*, 144 B.R. 738, 742 (Bankr. W.D.Mich.1992). Even though the property is not part of the estate, a creditor cannot assert its interest against the debtor until one of the Section 362(c)(2) conditions has been fulfilled. *Id.* However, these cases are distinguishable as to Bamburg and Fazio because Bamburg and Fazio are not the debtor. They have no direct protection from the stay.

■ Sections 362(a)(2) and (3) stay actions against property of the estate. Once abandoned, the property was no longer part of the estate and these sections no longer applied. Sections 362(a)(5) and (6) stay actions against property of the debtor until the bankruptcy court dismisses or closes, or discharge is granted or denied. *Adams v. Hartconn Assocs., Inc. (In re Adams)*, 212 B.R. 703, 710 (Bankr.D.Mass. 1997). The abandoned property then reverts back to its prebankruptcy status. *Id. Adams* had a similar factual situation to the present case. However, it was the debtor who asserted a violation of the stay and requested possession of the rents. In this case a third party is asserting protection from the stay. Zamporelli has made no claim for the rents. In *Adams,* the debtor was entitled to the rents, but the rents were secured by a lien from the creditor, so there were no actual damages. *Id.* at 711. The debtor would have been a mere conduit for the rents. In this case, Townsend and McCoy had a claim to the rents from Bamburg and Fazio via the default clause in the deed of trust on the property.

■ The general rule is that only the bankrupt party is eligible for relief under the stay. *Darr v. Altman,* 20 S.W.3d 802, 807 (Tex.App.—Houston [14th Dist.] 2000, no pet. h.); *Paine v. Sealey,* 956 S.W.2d 803, 807 (Tex.App.—Houston [14th Dist.] 1997, no pet.); *Marroquin v. D & N Funding, Inc.,* 943 S.W.2d 112, 115 (Tex.App.—Corpus Christi 1997, no writ); *Audio Data Corp. v. Monus,* 789 S.W.2d 281, 286 (Tex.App.—Dallas 1990, no writ). Exceptions to this rule exist for Section 362(a)(1) and (3). Section 362(a)(1) has exceptions when the assets of the bankruptcy estate would be jeopardized. *Paine,* 956 S.W.2d at 807. To be entitled to this exception, and avail themselves of the privilege of the stay, the nonbankrupt parties must show either (1) an identity between the debtor and nonbankrupt party exists such that the debtor is effectively the true defendant and a judgment against the nonbankrupt party will in effect be a judgment against the debtor, or (2) extension of the stay against the nonbankrupt party will help in the debtor's efforts toward rehabilitation. *Id.; see Marroquin,* 943 S.W.2d at 115. The stay of Section 362(a)(3) applies to nonbankrupt parties in two situations: (1) where the cause of action brought by the creditor belongs not only to the creditor but also to the debtor; and (2) where the cause of action seeks to recover estate property held or controlled by an entity other than the debtor. *Audio Data,* 789 S.W.2d at 286; *In re Meyerland Co.,* 82 B.R. 831, 833 (Bankr.S.D.Tex.1988). There are no clear exceptions to this rule when dealing with abandoned property through Section 362(a)(5) or (6), which is the situation in this case. There is no evidence that Bamburg and Fazio met the exceptions for continuation of the stay before abandonment. Thus, there is no rationale to apply the protection of Zamporelli's stay after abandonment.

The automatic stay is for the benefit of the debtor. *Ripley v. Mulroy,* 80 B.R. 17, 19 (Bankr.E.D.N.Y.1987). If the debtor does not challenge stay violations, then parties not part of the bankruptcy proceeding cannot use stay violations to their advantage. *Hadsell v. Philadelphia Life Ins. Co. v. Estate of Fuel Oil Supply & Terminaling, Inc. (In re Fuel Oil Supply & Terminaling, Inc. ),* 30 B.R. 360, 361 (Bankr.S.D.Tex.1983). Nonbankrupt parties who have an interest in property affected by the stay have no substantive or procedural rights in the stay. *Bryce v. Stivers (In re Stivers),* 31 B.R. 735 (Bankr.N.D.Cal.1983). Zamporelli has asserted no challenge that these proceedings violate the stay, and since Bamburg and Fazio are nonbankrupt parties, we hold they are not protected by the Section 362 stay.

For these reasons, the judgment is affirmed.