**Alice HANZEL and D.O.H. Oil Company, Appellants,**

v.

**Ray HERRING and Harold E. O'Connor, Appellees.**

No.  2–01–330–CV.

Court of Appeals of Texas, Fort Worth.

June 6, 2002.

Canon & Gaston, P.C. and Michael J. Canon, Midland, for Appellants.

William G. Thompson, Breckenridge and Elton M. Montgomery, Graham, for Appellees.

PANEL A: DAY and GARDNER, JJ.; and JOHN HILL, J. (Retired, Sitting by Assignment).

## OPINION

JOHN HILL, Justice (Retired).

Alice Hanzel and D.O.H. Oil Company appeal from a partial summary judgment and final judgment that set aside a sheriff's sale in which they had purchased certain mineral interests owned by Harold E. O'Connor. The judgment also awarded O'Connor a money judgment against them for attorney's fees and expenses; awarded attorney's fees to Ray Herring, the interpleader, who had been receiving royalty payments from these mineral interests on behalf of the rightful owner of the mineral interests; and ordered the remaining funds that had been paid by the interpleader into the registry of the court to be distributed to O'Connor. Finally, the judgment ordered the return of · certain consideration that appellants had given for purchase of the mineral interests in the sheriff's sale. Appellants present basically four issues: (1) whether the trial court erred by granting O'Connor's motion for summary judgment while denying their motion for summary judgment; (2) whether the trial court erred by awarding attorney's fees to O'Connor; (3) whether the trial court lacked jurisdiction because O'Connor was the debtor in a pending bankruptcy case; and (4) whether the trial court committed reversible error by overruling appellants' motion to transfer venue to Palo Pinto County. We affirm.

## JURISDICTION

Appellants contend in issues 3.1 and 3.2 that the trial court lacked subject matter jurisdiction and jurisdiction to grant judgment for Herring, the interpleader, because O'Connor was the debtor in a pending bankruptcy case. On September 17, 1999, O'Connor filed a petition for bankruptcy under chapter 11. *See* 11 U.S.C.A. §§ 1101–74 (West 1993 & Supp.2001). This interpleader suit was filed on October 20, 1999. O'Connor answered on May 12, 2000, and filed his first amended original answer and original cross-action for declaratory judgment on November 7, 2000. The trial court granted partial summary judgment on April 18, 2001, declaring that O'Connor was the owner of the oil leases in question and canceling the sheriff's deed of those leases to appellants. On June 18, 2001, the bankruptcy judge ordered that the bankruptcy be converted to a case under chapter 7. *See* 11 U.S.C.A. §§ 701–66 (West 1993 & Supp.2001). The trial court granted final summary judgment on July 30, 2001.

■ Appellants urge that the trial court lacked subject matter jurisdiction over O'Connor's claim for declaratory judgment and to set aside their deeds to the leases in question because the claim belonged to the bankruptcy estate and the trustee did not bring the claim on O'Connor's behalf. However, with certain exceptions and limitations not applicable here, a debtor in possession in a chapter 11 bankruptcy proceeding has the right to perform all the functions and duties of a trustee serving in the case. 11 U.S.C.A. § 1107 (West 1993); *In re .Phillip,* 948 F.2d 985, 988 (5th Cir. 1991).

In urging that O'Connor lacked the authority to bring his cross-action, appellants rely on the case of *Douglas v. Delp,* 987 S.W.2d 879, 882 (Tex.1999). We find that case to be distinguishable. In *Douglas,* the court held that the trial court lacked subject matter jurisdiction over a chapter 11 debtor's legal malpractice claim because

the debtor lacked standing to pursue his claim where the trustee had sold the claim in question pursuant to a confirmed reorganization plan. *Id.* at 881–82. In the case at bar, there is no indication that the bankruptcy trustee had disposed of O'Connor's interest in the leases involved pursuant to a reorganization plan; rather, the trustee is appearing before us seeking to affirm the result in the court below. Appellants refer us to general language in *Douglas* indicating that the trustee has exclusive standing to assert a claim and that when the debtor filed his bankruptcy petition, he relinquished to the trustee his standing to prosecute or dispose of claims. *See id.* at 882. We note that the court made those broad statements without reference to the rights of a debtor in possession in a chapter 11 bankruptcy proceeding. Consequently, we conclude that in making those broad, general statements, the court did not intend to rule that a debtor in possession in a chapter 11 bankruptcy proceeding does not have the rights afforded under section 1107. 11 U.S.C.A. § 1107.

■ Appellants also argue that the court proceeding below was in violation of the automatic stay mandated by section 362 of the bankruptcy code. 11 U.S.C.A. § 362 (West 1993 & Supp.2001). However, this proceeding was not barred by the automatic stay because it involved the resolution as to whether the property is part of the debtor's estate, rather than being an action seeking to obtain possession of a part of the debtor's estate. *See Shell Pipe Line Corp. v. W. Tex. Marketing Corp.*, 540 F.Supp. 1155, 1161 (S.D.Tex.1982).

Appellants rely on the cases of *Howell v. Thompson*, 839 S.W.2d 92 (Tex.1992) (order) and *Bamburg v. Townsend*, 35 S.W.3d 85 (Tex.App.—Texarkana 2000, no pet.). We find both to be distinguishable because neither involves claims for declaratory judgment filed pursuant to an interpleader proceeding. *Howell*, 839 S.W.2d at 92; *Bamburg*, 35 S.W.3d at 87–88. We also note that in *Bamburg* the court stated that the automatic stay is for the benefit of the debtor, and that if the debtor does not challenge stay violations, parties not part of the bankruptcy proceeding cannot use stay violations to their advantage. *Bamburg*, 35 S.W.3d at 90. We overrule issues 3.1 and 3.2.

## VENUE

■ Appellants urge in issue 4.1 that the trial court committed reversible error by denying their motion to transfer venue to Palo Pinto County. In their motion, appellants urge that the overriding royalty interests that are the subject of the lawsuit constitute real estate located in Palo Pinto County, rather than Young County, the county where the suit was filed. They contend that the mandatory provisions of section 15.011 of the Texas Civil Practice and Remedies Code require venue in Palo Pinto County. TEX. CIV. PRAC. & REM.CODE ANN. § 15.011 (Vernon Supp.2002). In the alternative, they ask that the lawsuit be transferred to their home county.

Section 15.011 of the Texas Civil Practice and Remedies Code requires that numerous proceedings involving real estate must be brought in the county in which all or a part of the property is located. *Id.* In response to appellants' motion to transfer venue, the interpleader, Ray Herring, contends this section is inapplicable because the title to real estate is only secondarily involved in his lawsuit to determine ownership of funds accumulated and held pursuant to a gas purchase contract.

Herring swore in an affidavit in opposition to the appellants' motion to transfer venue that the funds involved in the interpleader arose from leases located in both Palo Pinto County and Young County. The

appellants, in urging that all of the leases are located in Palo Pinto County, refer us only to what are admittedly incomplete legal descriptions of the property as set forth in their motion to transfer venue. Based upon this record, we conclude that the trial court did not abuse its discretion in denying the motion to transfer venue. We overrule issue 4.1.

## SUMMARY JUDGMENT

Appellants urge in issues 1.1 and 1.2 that the trial court erred in granting summary judgment for O'Connor and denying their summary judgment. O'Connor sought summary judgment, in part, based upon his contention that the sheriff's deeds upon which appellants base their claim to the overriding royalty interest are void because the property descriptions contained in them are inadequate. Appellants also sought summary judgment, based upon their claim that they are entitled to the proceeds, relying on the sheriff's deeds arising out of the tax foreclosure sale at which they purchased the royalty interest they now claim.

■ In a summary judgment case, the issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both parties' summary judgment evidence and determine all questions presented. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex.2000). The reviewing court should render the

judgment that the trial court should have rendered. *Id.*

With respect to the adequacy of the description of property in a deed, the Texas Supreme Court has stated that in order for a conveyance to meet the requirements of the Statute of Frauds, it must, insofar as the description of the property is concerned, furnish within itself or by reference to other existing writings then in existence, the means or data by which the particular land to be conveyed may be identified with specific certainty. *Pick v. Bartel*, 659 S.W.2d 636, 637 (Tex.1983).

The descriptions contained in the sheriff's deeds relied upon by appellants are as follows:

Tract # 1 .025000 Overriding Royalty Interest, Crumpton–Williams Wells, Lease 1404, Texas Railroad Commission Number 19281, T.H. Wooley Survey, Abstract 1634 and James Karcher Survey, Abstract 276, Palo Pinto County, Texas (Tax Account Numbers 140420007515, 1404200075151).

Tract # 3 .025000 Overriding Royalty Interest, Crumpton–Williams # 35 Well, Lease 1392, Texas Railroad Commission Number 120683, James Karcher Survey, Abstract 276, Palo Pinto County, Texas (Tax Account Numbers 139220007515 and 1392200075151).

Tract # 4 .025000 Overriding Royalty Interest, Crumpton–Williams # 41 Well, Lease 1394, Texas Railroad Commission Number 118639, W.W. Blick Survey, Abstract 37, Palo Pinto County, Texas (Tax Account Numbers 139420007515 and 1394200075151).

In the case at bar, the description within the deed itself does not furnish means or data by which the particular land to be conveyed might be identified, nor does the deed refer to another existing writing by which the particular land may be identified

with specific certainty. To overcome this deficiency, Appellants rely on the fact that the deed refers to a Texas Railroad Commission number.

Appellants presented to the court the affidavit of Don Rhodes, owner of an oil and gas consulting firm and former employee of the Texas Railroad Commission. Rhodes testified that the railroad commission identifies property with the use of numbers. He indicated that a five-digit number represents an oil lease and a six-digit number represents a gas lease. He related that gas leases are segregated on a well-by-well basis, while oil leases are identified by the producing zone and by the land covered by the lease or leases under which the operator is operating and producing wells from the zone in question.

Rhodes identified documents attached to his affidavit as certified copies of railroad commission documents he used to identify the land covered by the railroad commission numbers referred to in the property description. The lease that the number represents is not one of the documents attached.

Inasmuch as the railroad commission number represents a lease that is not in our record and inasmuch as there appear to be numerous documents in the railroad commission file with respect to each number noted in the property description, none of which is referred to by the sheriff's deeds, we hold that the property descriptions contained in the sheriff's deeds are inadequate. Where the description in the conveyance is inadequate, the instrument is void under the statute of frauds. *Republic Nat'l Bank v. Stetson,* 390 S.W.2d 257, 261 (Tex.1965). Because we conclude that the sheriff's deeds by which appellants claim ownership in the property are void due to an inadequate property description, we hold that the trial court did not err in granting O'Connor's

motion for summary judgment nor in denying the appellants' motion for summary judgment.

Appellants principally rely upon the cases of *Kmiec v. Reagan,* 556 S.W.2d 567, 569 (Tex.1977); *Gates v. Asher,* 154 Tex. 538, 280 S.W.2d 247, 248 (1955); and *Maupin v. Chaney,* 139 Tex. 426, 163 S.W.2d 380, 383 (1942) in support of their argument that the trial court should have granted their motion and denied O'Connor's motion. We find these cases to be distinguishable.

In *Maupin,* the court held that a description in a deed of trust, while inadequate in itself, was adequate in light of other information contained in the deed of trust, along with parol evidence. *Maupin,* 163 S.W.2d at 383–84. The deed of trust stated that the property described was the same property conveyed by two named grantors to two named grantees on April 18, 1929. *Id.* at 383. Parol evidence showed that the only deed involving those grantors and grantees was actually dated April 9, 1929. *Id.* The court held that if there appears in the instrument enough to enable one by pursuing an inquiry based upon the information contained in the deed to identify particular property to the exclusion of others, the description will be held sufficient. *Id.* The court repeated the general rule with respect to a description being adequate where it refers to another instrument that contains a proper description of the property. *Id.* We find *Maupin* to be distinguishable because in that case the deed of trust referred to another instrument that contained a sufficient description of the property. *Id.*

In *Kmiec,* the court recognized the rule that when the grantor is stated to be the owner of the property to be conveyed and it is proved that the grantor owns only a single tract answering the description, the

land is identified with reasonable certainty. *Kmiec*, 556 S.W.2d at 569. In *Kmiec*, a statement in an option provision showed that the Reagans owned the property to be conveyed, while parol evidence showed it was the only property owned by the Reagans in the county in question and also showed a sufficient description of land that they owned. *Id.* The court held that this evidence was sufficient to prove a sufficient description of the property to be conveyed. *Id.* In the case at bar, there is no indication that the royalty interests involved are the only ones owned by O'Connor in Palo Pinto County or Young County.

*Gates* also involves a conveyance shown to be the only property owned in the county by the grantor. *Gates*, 280 S.W.2d at 248. In that case the court held that words of description are given a liberal construction in order that the conveyance might be upheld, and that parol evidence is admitted to explain the descriptive words and to identify the land, where the instrument contains the "nucleus" of description. *Id.* The court further held that if enough appears in the description so that a party familiar with the locality can identify the premises with reasonable certainty, it will be sufficient. *Id.* at 248–49. This case is distinguishable for the same reason as was the opinion in *Kmiec*.

■ Appellants urge that O'Connor is collaterally estopped from litigating the sufficiency of the property description because a sufficient property description was essential to the adjudication of the Palo Pinto County tax suit. The doctrine of collateral estoppel bars relitigation of any ultimate issue of fact actually litigated and essential to the judgment in a prior suit, regardless of whether the second suit is based upon the same cause of action. *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984) (op. on reh'g).

There is no indication that the sufficiency of the description of the property for the purpose of conveyance was actually litigated in the Palo Pinto County tax suit. Consequently, we hold that the doctrine of collateral estoppel does not bar O'Connor from contesting the sufficiency of the property description in the sheriff's deeds relied upon by the appellants. We overrule issue 1.1. Inasmuch as we have held that the sheriff's deeds are void, we need not consider issue 1.2, concerning whether O'Connor could collaterally attack the judgment underlying the deeds, nor issue 1.3, whether O'Connor properly complied with the statute to redeem the three tracts in question.

## ATTORNEY'S FEES

■ Appellants insist in issue 2.1 that the trial court erred in awarding O'Connor attorney's fees because his claim was merely an answer to the interpleader claim and asked for no relief outside the scope of the interpleader action. The elements of an interpleader action are: (1) the party is either subject to, or has reasonable grounds to anticipate, rival claims to the same fund or property; (2) the party has not unreasonably delayed filing an action for interpleader; and (3) the party has unconditionally tendered the fund or property into the court's registry. *Bryant v. United Shortline Inc.*, 984 S.W.2d 292, 296 (Tex.App.—Fort Worth), *aff'd*, 972 S.W.2d 26 (Tex.1998). The interpleader asks only that he be released and discharged from any liability on account of the proceeds, that he recover his attorney's fees for bringing the interpleader, and that he be paid his fees and costs out of the proceeds. Consequently, the parties' actions for declaratory judgment were necessary to determine who was entitled to the proceeds in the registry of the court.

In support of their contention that O'Connor is not entitled to attorney's fees, the appellants rely upon the cases of *Univ. of Texas v. Ables,* 914 S.W.2d 712, 717 (Tex.App.—Austin 1996, no writ); *White-side v. Griffis & Griffis, P. C.,* 902 S.W.2d 739, 747 (Tex.App.—Austin 1995, writ denied); *Tucker v. Graham,* 878 S.W.2d 681, 682–83 (Tex.App.—Eastland 1994, no writ); and *HECI Exploration Co. v. Clajon Gas Co.,* 843 S.W.2d 622, 638–39 (Tex. App.—Austin 1992, writ denied). We find all of these cases to be distinguishable because in all of them the party's declaratory judgment either was a duplication of its claims for damages or its defense to damage claims of another. *Ables,* 914 S.W.2d at 717; *Whiteside,* 902 S.W.2d at 747; *Tucker,* 878 S.W.2d at 682–83; *HECI Exploration Co.,* 843 S.W.2d at 638–39. None of them involved a declaratory judgment filed in response to an interpleader action. We overrule issue 2.1.

## CONCLUSION
The judgment is affirmed.