IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00021-CV

 

Efren Avila,

                                                                      Appellant

 v.

 

LONE STAR RADIOLOGY, bOB KUBICKI, 

DR. KENNETH LUSTIK, FAMILY CARE

PHARMACY, DERRICK FORD, 

AND KAREN POWELL,

                                                                      Appellees

 

 

 



From the 13th District Court

Navarro County, Texas

Trial Court No. 03-00-12821-CV

 



corrected Opinion










 

          Avila appeals from a judgment in an
interpleader action claiming that the trial court abused its discretion by
failing to award him attorney’s fees.  We reverse.   

Background

          Alfredo Saldana and Efren Avila were
driving back from work in a tractor when a pick-up truck struck them from
behind.  The truck, owned by Andy Christopher, was driven by Daniel Alan
Christopher.  Avila and Saldana suffered multiple injuries and filed suit
against Andy, Daniel, and B.G. Williams d/b/a Williams Asphalt, Saldana’s
employer.  Andy and Daniel offered to settle with Avila for their policy limit,
$20,000.  Avila agreed, but his medical bills totaled over $70,000.  Avila negotiated with his medical creditors and offered them a pro-rata share of the
settlement less attorney’s fees.  The medical creditors refused.  Subsequently,
 Avila filed an interpleader action, and the trial court divided the settlement
among the providers, but did not award Avila attorney’s fees from the
settlement funds.  The trial court severed this cause from the remainder of the
issues in the case, and Avila appealed.

Attorney’s Fees in an Interpleader Action

          Avila argues in his sole issue that
the trial court abused its discretion in failing to award him attorney’s fees.

          An interpleader action permits an
innocent stakeholder facing rival claims to allow the courts to decide who is
entitled to the fund and thus avoid the peril of acting as judge and jury
itself.  Union Gas Corp. v. Gisler, 129 S.W.3d 145, 153 (Tex.
App.—Corpus Christi 2003, pet. denied); Olmos v. Pecan Grove Mun. Utility
Dist., 857 S.W.2d 734, 741 (Tex. App.—Houston [14th Dist.] 1993, no pet.). 
The elements of an interpleader action are:  (1) the party is either subject
to, or has reasonable grounds to anticipate, rival claims to the same fund or
property; (2) the party has not unreasonably delayed filing an action for
interpleader; and (3) the party has unconditionally tendered the fund or
property into the court’s registry.  Hanzel v. Herring, 80 S.W.3d 167,
173 (Tex. App.—Fort Worth 2002, no pet.) (citing Bryant v. United Shortline
Inc., 984 S.W.2d 292, 296 (Tex. App.—Fort Worth), aff'd, 972 S.W.2d
26 (Tex. 1998)).  “The interpleader asks only that he be released and
discharged from any liability on account of the proceeds, that he recover his
attorney’s fees for bringing the interpleader, and that he be paid his fees and
costs out of the proceeds.”  Id.  However, the award of attorney fees is
within the sound discretion of the trial court.  Olmos, 857 S.W.2d at 741;
Beneficial Standard Life Ins. Co. v. Trinity Nat'l Bank, 763 S.W.2d 52,
56 (Tex. App.—Dallas 1988, writ denied).

          Several creditors claimed an interest
in Avila’s settlement.  There is no evidence that Avila delayed in bringing the
interpleader action once it became clear that the matter could not be
resolved.  Further, Avila tendered the settlement amount to the trial court.  Therefore,
as an innocent stakeholder, Avila is entitled to recover attorney fees under Texas interpleader law.  United States v. Ray Thomas Gravel Co., 380 S.W.2d 576, 581
(Tex. 1964) (holding that in Texas an innocent stakeholder is entitled to
attorney’s fees); Heggy v. American Trading Employee Retirement Account Plan,
110 S.W.3d 692, 703 (Tex. App.—Houston [14th Dist.] 2003, pet denied); Olmos,
857 S.W.2d at 741.  Therefore, we find that the trial court abused its
discretion in failing to award Avila reasonable attorney’s fees for bring the
interpleader action.  Accordingly, we sustain Avila’s sole issue.

Conclusion

          We reverse and remand this cause to
the trial court for further proceedings consistent with this opinion.

 

                                                                   FELIPE
REYNA

                                                                   Justice

Before Chief Justice
Gray,

          Justice
Vance, and

          Justice Reyna

          (Chief
Justice Gray dissenting)

Reversed and remanded

Corrected opinion
delivered and filed December 14, 2005

[CV06]