Affirmed in Part and Reversed and Rendered in Part and Remanded in Part
and Memorandum Opinion filed September 13 2007








 

Affirmed
in Part and  Reversed and Rendered in Part and Remanded in Part and Memorandum Opinion filed September 13 2007.

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00771-CV

____________

 

BIODUN ATU, Appellant

 

V.

 

KRISTI SLAUGHTER, TRUSTEE FOR THE
TERRACE OWNERS ASSOCIATION, INC., AND SHAHROKH RAZI, Appellees

 



 

On Appeal from the County
Court at Law Number 2

Harris County, Texas

Trial Court Cause No. 855171

 



 

M E M O R A N D U M   O P I N I O N

Appellee, Kristi Slaughter, Trustee for the Terrace Owner=s Association,
Inc., (ASlaughter@), filed an
interpleader action against appellant, Biodun Atu, and appellee Shahrokh Razi (ARazi@), to determine
the ownership of $10,389.64 in excess funds resulting from Slaughter=s foreclosure sale
of appellant=s condominium.  For the reasons stated below, we
affirm in part, reverse and render in part, and remand for further proceedings
consistent herewith.








Factual and Procedural Background  

Appellant was the owner of a condominium in the Terrace
Condominiums located in the Alief area of Harris County, Texas.  For reasons
not disclosed in the appellate record, appellant fell behind in his payment of
assessments to the condominium owners= association.  On
November 14, 2005, Slaughter, acting as trustee for the association, posted the
condominium for foreclosure sale.  The sale notice stated:

Notice is given that on the Date of Sale and Time of Sale, Trustee will
offer the Property for sale at public auction at the Place of Sale to the
highest bidder(s) for cash.  The sale, pursuant to this Notice shall be made
subject to any and all taxes, any other liens (which may or may not be in
default) having priority over the Lien in favor of the Association, subject to
all matters of record affecting the above described property, and with no
warranty of title whatsoever.

 

On December 6, 2005, Slaughter held the sale and sold the
property to Razi for $12,100.00.  In exchange for the $12,100.00, Razi received
a Trustee=s Deed that provides the following:

To have and to hold the above described property, together with all and
singular the rights and appurtances thereto in anywise belonging unto said
Grantee, its heirs, successors and assigns, forever, in fee simple; with no
warranties, express or implied, and subject to any and all liens, encumbrances,
restrictions, or reservations, ad valorem taxes, or other matters of record.

 








From the sale proceeds, Slaughter paid the Terrace
Condominium=s owners= association
$1,710.36 for past-due assessments, attorneys= fees and related
costs, leaving $10,389.64 in excess proceeds (Athe excess
proceeds@) from the
foreclosure sale.  Slaughter then received competing claims to the excess
proceeds from Razi and appellant.  Razi asserted he had an equitable right to
the excess proceeds to pay past due ad valorem taxes on the condominium. 
Appellant contended Slaughter should pay him all of the excess proceeds because
Razi purchased the condominium subject to all liens and ad valorem taxes.

Faced with these competing claims, Slaughter filed an
interpleader action naming appellant and Razi as defendants and paid the excess
funds into the registry of the court.  There were no disputed facts and the
trial court resolved the case through the entry of three orders that paid out
all of the excess proceeds.  First, the trial court entered an order that paid
Slaughter $1,819.50 out of the excess proceeds for her attorneys= fees and costs,
and discharged her from the suit.  Next, the trial court granted Razi=s Motion for
Release of Excess Proceeds and ordered that $2,236.48 be paid directly to the
Harris County Tax AssessorBCollector (AHarris County@), and that
$1,421.36 be paid directly to the Alief Independent School District (AAISD@) to pay back
taxes, penalties, and interest owed on the condominium.  Finally, the trial court
ordered that the remaining balance, a total of $4,912.30 be paid to appellant. 
This appeal followed the entry of the trial court=s orders.

Discussion

Appellant, arguing the trial court misapplied the law to
undisputed facts, challenges the trial court=s payments to
Slaughter and on behalf of Razi.[1] 
While appellant raises three issues, because the issues ultimately address only
two subjects, the payments to Slaughter and on behalf of Razi, we address them
in that manner.

A.      Did the
Trial Court Err When it Paid Slaughter=s Attorneys= Fees and Costs
Out of the Excess Proceeds?

Appellant argues the trial court erred when it paid
Slaughter=s attorneys= fees and costs
incurred in filing the interpleader action because there were no reasonable
grounds to anticipate rival claims to the excess proceeds and also because
Slaughter was not a disinterested stakeholder.  We disagree.








1.       Interpleader

Rule 43 of the Texas Rules of Civil Procedure authorizes a
person who receives multiple claims to money in its possession to join the
claimants in the lawsuit and deposit the disputed sums into the registry of the
court.  Tex. R. Civ. P. 43.  The interpleader plaintiff asks only that she be
released and discharged from any liability on account of the deposited funds,
that she recover her attorneys= fees for bringing the interpleader
action, and that she be paid her fees and costs out of the deposited funds.  Hanzel
v. Herring, 80 S.W.3d 167, 173 (Tex. App.CFort Worth 2002,
no pet.).  An interpleader plaintiff is entitled to interpleader relief if
three elements are met: (1) she is either subject to, or has reasonable grounds
to anticipate, rival claims to the same fund or property; (2) she has not
unreasonably delayed filing her action in interpleader; and (3) she has
unconditionally tendered the fund into the registry of the court.  Olmos v.
Pecan Grove Municipal Utility District, 857 S.W.2d 734, 741 (Tex. App.CHouston [14th
Dist.] 1993, no writ).  We review a trial court=s grant of
interpleader relief for abuse of discretion.  Reid v. Uhlhorn, 359
S.W.2d 278, 281 (Tex. Civ. App.CSan Antonio 1962, writ dism=d).  Any
reasonable doubt as to a stakeholder=s right to
interpleader must be resolved in the stakeholder=s favor.  Bryant
v. United Shortline Inc. Assurance Services, N. A., 972 S.W.2d 26, 31 (Tex.
1998). 

2.       There
Were Reasonable Grounds to Anticipate Rival Claims

Initially, appellant contends the trial court erred in
awarding Slaughter her attorneys= fees and costs
because there were no reasonable grounds to anticipate rival claims to the
excess proceeds.  An innocent stakeholder is entitled to recover its attorneys= fees from the
deposited funds if it has a reasonable doubt either of fact or law as to which
claimant is entitled to the fund.  Olmos, 857 S.W.2d at 741.  The award
of attorneys= fees is also within the sound discretion of the trial
court.  Id.








Here, Slaughter was faced with two rival claims to the
excess proceeds.  An interpleader action permits an innocent stakeholder facing
rival claims, to allow the courts to decide who is entitled to the fund and
thus avoid the peril of acting as judge and jury itself.  Union Gas Corp. v.
Gisler, 129 S.W.3d 145, 153 (Tex. App.CCorpus Christi
2003, no pet.).  The purpose of the interpleader rule is to protect an innocent
stakeholder from the vexation and expense of multiple litigation and the risk
of multiple liability.  Dallas Bank & Trust Co. v. Commonwealth Dev.
Corp., 686 S.W.2d 226, 230 (Tex. App.CDallas 1984, writ
ref=d n.r.e.).  Here,
Slaughter was faced with two parties, each citing legal authority, asserting 
their right to the excess proceeds. We find that the trial court did not abuse
its discretion in determining that Slaughter was faced with two reasonable,
rival claims to the excess proceeds.

3.       Slaughter
Was a Disinterested Stakeholder

Appellant next contends Slaughter was not a disinterested
stakeholder because she hired as her attorney in the interpleader action
another attorney associated with the same law firm where she is employed. 
Appellant has pointed to no authority, and we have found none, that prohibits a
trustee, such as Slaughter, from hiring an attorney associated with the same
law firm as the trustee.  Accordingly, we hold the trial court did not abuse
its discretion in finding that Slaughter was a disinterested stakeholder
entitled to the recovery of her attorneys= fees and costs.[2] 
We overrule appellant=s second and third issues.

B.      Did the
Trial Court Abuse Its Discretion When it Ordered a Portion of the Excess
Proceeds Paid to the Taxing Authorities on Behalf of Razi?








In his first issue, appellant asserts the trial court
abused its discretion when it paid, in response to Razi=s Motion for
Release of Excess Proceeds, $2,236.48 directly to Harris County and $1,421.36
directly to AISD to pay back taxes, penalties, and interest owed on the
condominium.  Appellant contends the trial court should not have made these
payments  because Razi purchased the condominium subject to all liens and taxes
on the property.  We agree with appellant.    

1.       Standard
of Review

There are no disputed facts in this case.  Because a trial
court has no discretion in determining what the law is or in applying the law
to the facts, we apply a de novo review.  Ghidoni v. Stone Oak, Inc.,
966 S.W.2d 573, 590 (Tex. App.CSan Antonio 1998, pet. denied) (citing Walker
v. Packer, 827 S.W.2d 833, 840 (Tex. 1992)).

2.       Because
the Taxing Authorities= Liens Were Senior
to the Condominium Association=s Lien, the Trial
Court Abused Its Discretion When it Paid a Portion of the Excess Proceeds to
the Taxing Authorities

In general, the successful bidder at a foreclosure takes
title subject to prior liens.  Frappier v. Apex Financial Corp., No.
05-98-01303-CV, 2001 WL 25914, at *2 (Tex. App.CDallas Jan. 11,
2001, no pet.) (not designated for publication) (citing Conversion Props.,
L.L.C. v. Kessler, 994 S.W.2d 810, 813 (Tex. App.CDallas 1999, pet.
denied)).  A foreclosure does not terminate the senior interests in the
foreclosed real estate.  Id.  Rather, the purchaser is charged with the
primary liability for the payment of prior liens and must service them to avoid
loss of the property.  Id.  As a result, a purchaser of the foreclosed
real property will generally subtract the amount of any outstanding senior
liens from the fair market value of the property when bidding on that
property.  Id.  When a foreclosure sale generates surplus proceeds,
these funds are distributed to inferior lienholders, and if there are none, to
the holder of the equitable right of redemption. Id.  Surplus funds are
not applied to satisfy a senior lien because the law presumes that the purchaser
is aware of the senior lien and only pays for the property=s worth in excess
of the prior debt.  Id.








The tax liens held by Harris County and AISD were senior to
the foreclosed lien.  Tex. Tax Code Ann. ' 32.05 (Vernon
Supp. 2006).  Therefore, the foreclosure sale did not terminate the interests
of the senior lienholders in the condominium.  As the foreclosure purchaser,
Razi was charged with the primary liability for the payment of the senior liens
and should have taken them into consideration when bidding on the condominium. 
Therefore, the trial court abused its discretion in ordering the payment of the
Harris County and AISD liens out of the excess proceeds.  We sustain appellant=s first issue on
appeal.

Conclusion

As we have overruled appellant=s second and third issues, we
affirm the trial court=s order paying Slaughter=s attorneys= fees and costs out of the excess
proceeds and discharging her from the interpleader action.  In addition, having
sustained appellant=s first issue, we reverse the trial
court=s order paying the Harris County
and AISD tax liens from the excess proceeds, render judgment for payment of the
balance of the excess proceeds remaining after the payment of Slaughter=s attorneys= fees and costs to appellant, and
remand this matter to the trial court for further proceedings in accordance
with this opinion.

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

Judgment rendered
and Memorandum Opinion filed September 13, 2007.

Panel consists of
Justices Anderson, Fowler, and Frost.









[1]  Neither appellee filed a brief in this appeal.





[2]  Appellant also asserts the trial court abused its
discretion in awarding Slaughter her attorneys= fees because she created apparent rival claims to the excess proceeds
to enable her law firm to collect attorneys=
fees.  As we have concluded that the trial court did not abuse its discretion
in determining that Slaughter was faced with two rival, reasonable claims to
the excess proceeds, this contention by appellant is without merit.